SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
PETER H. KLEE, Cal. Bar No. 111707
JOHN D. EDSON, Cal. Bar No. 185709
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone: 619.338.6500
Facsimile: 619.234.3815
Email: PKlee@sheppardmullin.com
JEdson@sheppardmullin.com

Attorneys for Infinity Select Insurance Company

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| VAHAGN GEVORGYAN,<br><br>Plaintiff,<br><br>v.<br><br>INFINITY SELECT INSURANCE COMPANY, an Indiana corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT INFINITY SELECT INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441 (DIVERSITY JURISDICTION)**<br><br>[Action filed: November 18, 2014] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION, PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1441(b) and 1446, defendant Infinity Select Insurance Company ("Infinity"), hereby removes the state court action described below from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California and submits the following statement of facts, which entitles it to removal:

**BASIS FOR REMOVAL [DIVERSITY JURISDICTION]**

1. On or about November 18, 2014, plaintiff Vahagn Gevorgyan ("plaintiff") filed a lawsuit in the Superior Court of the State of California for the County of Los Angeles entitled: *Vahagn Gevorgyan v. Infinity Select Insurance Company, an Indiana Corporation, and DOES 1 to 50, inclusive*; Case No. BC564168 (the "Action"). The Complaint alleges causes of action for breach of contract, and breach of the implied covenant of good faith and fair dealing. Attached hereto as **Exhibit A** is a true and correct copy of the Complaint **("Complaint," Exhibit A)**.

1. Infinity was served with the Complaint on or about November 19, 2014. Attached hereto as **Exhibit B** is a true and correct copy of the Service of Process Transmittal **("Proof of Service," Exhibit B)**.

2. Infinity filed its Answer to plaintiff's Complaint on November 19, 2014. Attached as Exhibit C is a true and correct copy of Infinity's Answer to plaintiff's Complaint **("Answer," Exhibit C).**

3. Infinity removes this case under 28 U.S.C. § 1441. Removal is proper because, as alleged in more detail below: (1) there is complete diversity between Infinity and plaintiff; and (2) this matter is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

4. Infinity is, and was at the commencement of the state court action, a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Birmingham, Alabama. Infinity does not have substantial predominance of its corporate activities in the State of California. Its corporate "nerve center," where the majority of its executive and administrative functions are performed, is in Birmingham, Alabama. Thus, Infinity is, and was at the commencement of the state court action and at the time of removal, a resident and citizen of the state of Indiana, as well as of the United States.

5. Infinity is informed and believes that the named plaintiff, Vahagn Gevorgyan, is and was at the commencement of the state court action and at the time of removal, a citizen of the County of Los Angeles, State of California, as well as of the United States. There is no indication that plaintiff is or was a citizen of Indiana, the only fact that would destroy diversity of citizenship in this case.

6. Plaintiff's naming of 50 fictitious "Doe" defendants without identifying their residence has no effect on the diversity analysis in this case. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded"); *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1266 (9th Cir. 1992) (acknowledging that "Doe" defendants "shall be disregarded for jurisdictional purposes.") (citing Section 1441 (a).

7. Disregarding all of the "Doe" defendants, the only defendant is Infinity. Thus, complete diversity exists between Infinity and plaintiff, meeting the diversity requirements of 28 U.S.C. § 1332(d).

8. The face of the Complaint was silent to the full amount in controversy. Plaintiff alleges to have suffered damages as a result of Infinity's handling of his insurance claim (**Exhibit A, ¶ 27**), but did not state a specific amount of damages in excess of $75,000.00 in the Complaint. Therefore, the Complaint did not indicate that the amount in controversy exceeded $75,000.00.

9. Because plaintiff did not state any specific amount of damages in his Complaint, on January 30, 2015 Infinity served plaintiff with Special Interrogatories (Set One), including Special Interrogatory No. 12, asking plaintiff to: "State the amount of actual damages, incidental and consequential damages, compensatory damages, and other damages [he] suffered as a result of INFINITY'S alleged improper handling of [his] CLAIM." Attached hereto as **Exhibit D** is a true and correct copy of Infinity's Special Interrogatories (Set One), and proof of service.

/ / /

10. On or about April 2, 2015, plaintiff served his responses to Infinity's Special Interrogatories (Set One), which was received by Infinity's counsel on or about April 7, 2015. Attached hereto as **Exhibit E** is a true and correct copy of Plaintiff's Response to Defendant Infinity's Special Interrogatories (Set One), and proof of service.

11. However, in plaintiff's initial response to Infinity's Special Interrogatory No. 12, plaintiff only identified the amount of damages for "Attorneys' fees and costs in the amount of approximately $10,000.00" **(Exhibit E, p. 9)**. So Infinity still did not know that the amount in controversy exceeded $75,000.00.

12. Infinity's counsel sent plaintiff's counsel a meet and confer letter regarding plaintiff's inadequate response to Infinity's initial discovery, including plaintiff's response to Special Interrogatory No. 12, on April 13, 2015. Attached as "**Exhibit F"** is a true and correct copy of counsel John Edson's meet and confer letter to plaintiff's counsel Mher Asatryan.

13. Plaintiff's counsel served supplemental responses to Infinity's Special Interrogatories (Set One) on or about May 7, 2015, which were received by Infinity's counsel on or about May 12, 2015. Attached hereto as **Exhibit G** is a true and correct copy of Plaintiff's Supplemental Responses to Defendant Infinity's Special Interrogatories (Set One) and proof of service.

14. Plaintiff's supplemental response to Special Interrogatory No. 12, contained in plaintiff's Supplemental Response to Infinity's Special Interrogatories (Set One) stated actual damages for repairs of at least $28,325.58; loss of use and enjoyment of $113,981.00; storage fees in the amount of $24,045.00; attorneys' fees and costs in the amount of $13,435.65 and punitive damages of at least $500,000.00. Thus plaintiff is seeking actual damages in the amount of $166,351.58 in addition to attorneys' fees and costs of $13,435.65 and punitive damages of at least $500,000.00 (**Exhibit G, p. 12**).

15. Plaintiff's supplemental response to Special Interrogatory No. 12, contained in plaintiff's Supplemental Responses to Infinity's Special Interrogatories (Set One) was the first time that plaintiff indicated that the amount in controversy exceeded $75,000.00. This removal is being filed within 30 days of service of Plaintiff, Vahagn Gevorgyan's Supplemental Response to Defendant Infinity's Special Interrogatories (Set One) **(Exhibit G)**.

16. The following damages sought by plaintiff should also be included in determining whether the amount in controversy requirement has been met:

a. Emotional Distress. **(Exhibit A, ¶35)**. Emotional distress damages are included in determining the amount in controversy. *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993); *Aucina v. Amoco Oil Co.*, 871 F.Supp. 332, 334 (S.D. Iowa 1994); *Richmond v. Infinity Ins. Co.*, 897 F.Supp. 447 (S.D. Cal. 1995).

b. Punitive Damages. **(Exhibit A, Prayer, ¶7)**. Punitive damages are included in determining whether the amount in controversy requirement has been met. *Green v. Party City Corporation*, 2002 U.S. Dist. Lexis 7750 (Cal. 2002); *Bell v. Preferred Life Society*, 320 U.S. 238, 240 (1943); *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447 (S.D. Cal. 1995); *Physicians Health Plan v. Citizens Ins. Co.*, 673 F.Supp. 903, 910 (W.D. Mich. 1987); *Dembrowski v. Allstate Ins. Co.*, 1992 U.S. Dist. LEXIS 3282 (D. Pa. 1992).

17. Based on the foregoing, it is ascertainable that the amount in controversy exceeds $75,000.00 and that the case is removable. Infinity is removing this case within 30 days of receipt of Plaintiff's Supplemental Responses to Infinity's Special Interrogatories (Set One) **(Exhibit G)**. Thus, removal of this action is timely pursuant to 28 U.S.C. § 1446(b).

18. Based upon the foregoing, this action is a civil action over which this court has original jurisdiction under the provisions of 28 U.S.C. Section 1332, and is one that may be removed to this court by Infinty under 28 U.S.C. Section 1441(b), in that it is a civil action wherein the matter in controversy exceeds the sum of

$75,000.00, exclusive of interest and costs, and is between citizens of different states.

19. Copies of other documents that have been filed in the state court action are attached hereto as **Exhibit H**.

**WHEREFORE**, Infinity prays that the state court action now pending against it in the Superior Court of the State of California for the County of Los Angeles be removed to this United States District Court for the Central District of California, Western District.

Dated: May 20, 2015 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *s/ John D. Edson*
JOHN D. EDSON
Attorneys for Defendant
Infinity Select Company

# Exhibit A

11/19/14 @ 2:45P

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

INFINITY SELECT INSURANCE COMPANY, an Indiana corporation, and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

VAHAGN GEVORGYAN

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 18 2014

Sherri R. Carter, Executive Officer/Clerk
By Shaunya Bolden, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California
County of Los Angeles, Central District - Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):* BC 564168

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Mher Asatryan, 14545 Victory Blvd., Suite 506, Van Nuys, CA 91411. Tel: (818) 781-0179

DATE: *(Fecha)* NOV 18 2014 — SHERRI R. CARTER — Clerk, by *(Secretario)* SHAUNYA BOLDEN, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [XXX] on behalf of *(specify)*: Infinity Select Insurance Company, an Indiana corporation

under: [XXX] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:

4. [ ] by personal delivery on *(date)*:

Mher Asatryan, Esq., SBN: 279125
LAW OFFICES OF MHER ASATRYAN
14545 Victory Blvd., Suite 506
Van Nuys, CA 91411
Tel. (818) 781-0179; Fax (818) 538-5179
Email: mher@asatryanlaw.com

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 18 2014

Sherri R. Carter, Executive Officer/Clerk
By Shaunya Bolden, Deputy

Attorney for Plaintiff, Vahagn Gevorgyan

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – UNLIMITED JURISDICTION

CENTRAL DISTRICT – STANLEY MOSK COURTHOUSE

BC 564168

| | |
|---|---|
| VAHAGN GEVORGYAN,<br><br>Plaintiff,<br><br>vs.<br><br>INFINITY SELECT INSURANCE COMPANY, an Indiana corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT;**<br><br>**(2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (INSURANCE BAD FAITH)**<br><br>**JURY TRIAL DEMANDED** |

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

Plaintiff VAHAGN GEVORGYAN alleges as against Defendants INFINITY SELECT INSURANCE COMPANY, an Indiana corporation, and DOES 1 through 50, inclusive, as follows:

**PARTIES**

1. Plaintiff VAHAGN GEVORGYAN ("PLAINTIFF") is, and at all times relevant herein was, an individual residing in the County of Los Angeles in the State of California.

2. PLAINTIFF is informed and believes and thereon alleges that at all times relevant herein, Defendant INFINITY SELECT INSURANCE COMPANY ("INFINITY") is, and at all times relevant herein was, a corporation incorporated in the State of Indiana, and an insurance company duly licensed by the State of California and admitted to transact insurance business in the State of California by the California Department of Insurance.

3. PLAINTIFF is unaware of the true identity, nature and capacity of each of the defendants designated herein as DOES 1 through 50, inclusive. PLAINTIFF is informed and believes and thereon alleges that each of the defendants designated herein as DOES 1 through 50, inclusive, are in some manner responsible for the damages and injuries alleged in this Complaint. PLAINTIFF sues those defendants by such fictitious names pursuant to California *Code of Civil Procedure* §474 and will amend this Complaint to show their true names and capacities when they have been ascertained. PLAINTIFF is informed and believes, and based on that information and belief alleges that each of the defendants designated as a DOES 1 through 50, inclusive, are negligently or otherwise legally responsible for the events and happenings referred to in this Complaint, and negligently or otherwise unlawfully caused the injuries and damages to PLAINTIFF as alleged in this Complaint.

4. PLAINTIFF is informed and believes and thereon alleges that at all relevant times herein Defendant INFINITY and DOES 1 through 50 inclusive, and each of them, were the agents, servants, representatives, employees, and/or employers of each of the remaining Defendants, and in doing the things alleged in this Complaint, Defendants, and each of them, were acting within the course and scope of their agency and/or employment.

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

## FACTUAL ALLEGATIONS

5. INFINITY issued an insurance policy under policy number 604-61000-0243-001 ("Subject Policy"), which was in effect from February 21, 2013 to February 21, 2014, providing PLAINTIFF with Collision and Other than collision auto coverage for PLAINTIFF'S 2003 Ferrari 360 Spider 2 Door Convertible ("Insured Vehicle").

6. On or about September 12, 2013, in the City of Glendale, Los Angeles County, California, PLAINTIFF'S brother, Tigran Gevorgyan ("Tigran") drove PLAINTIFF'S vehicle to Studio Auto Body (hereinafter referred to as "Body Shop") for cosmetic repairs, specifically, minor scratches underneath the front bumper, a small dent on the driver side door, and tape residue left on the rear latch.

///

///

7. When Tigran picked up the PLAINTIFF'S vehicle from the Body Shop, an entire side of the Insured Vehicle was painted over, there were holes and tears in the convertible top, the convertible top would not fully open or otherwise operate properly, the vehicle had some kind of waxy paste all over it, the front bumper was in worse condition than before, the rear Ferrari emblem had been super-glued, and there was extensive damage from sun exposure.

8. On information and belief, PLAINTIFF alleges that the Insured Vehicle was intentionally vandalized by disgruntled employees of the Body Shop in retaliation for not being paid by their employer.

9. Upon learning that the Insured Vehicle was vandalized, on or about November 13, 2013, the PLAINTIFF with the assistance of his brother, Tigran, filed a claim with INFINITY for the malicious damages, which were intentionally inflicted upon the Insured Vehicle at the Body Shop ("Subject Claim").

10. On or about November 26, 2013, INFINITY's independent adjuster inspected the Insured Vehicle and valued the replacement of the convertible top at $2,499.00 with replacement labor at $240.00 and after applying a 70% betterment and the deductible, this amount was reduced to $-10.30. On or about December 28, 2013, PLAINTIFF's brother, Tigran, provided an estimate from Blackhorse Motor Sports, Inc., which valued the convertible top at $12,175.36 and replacement labor at $3,600.00

11. On or about April 18, 2014, after five months of filing the claim, INFINITY'S representative sent PLAINTIFF a letter in which INFINITY denied the Subject Claim, based on the same facts that they had within the first few weeks of the claim being reported.

12. In its April 18, 2014 correspondence, INFINITY stated that the PLAINTIFF'S policy did not cover loss resulting from "sub-standard" work, even though INFINITY knew, or should have known, that PLAINTIFF'S vehicle was vandalized and that the Body Shop's acts and omissions amounted to malicious mischief, and that there was no work performed by the Body Shop relating to the purpose for which it was taken there.

13. After INFINITY ignored PLAINTIFF'S numerous attempts to discuss the situation further, PLAINTIFF retained an attorney to obtain coverage under the Subject Claim.

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

14. On or about May 7, 2014, PLAINTIFF'S attorney sent a request for reconsideration of the denial of coverage, explaining that the Subject Policy specifically covers Vandalism and Malicious Mischief, to which the Insured Vehicle was subjected.

15. On or about May 20, 2014, INFINITY responded with yet another rejection of the Subject Claim. This time, INFINITY offered coverage for the minor cosmetic damages for which the Insured Vehicle was originally taken to the Body Shop. However, INFINITY separated the damages to the Insured Vehicle into four separate claims, rendering each individual claim below the Subject Policy's $1,000.00 deductible.

16. On or about June 9, 2014, PLAINTIFF'S attorney sent a second letter to INFINITY in an attempt to clarify the facts and INFINITY'S misconceptions and give INFINITY another chance at settling the matter without litigation. In this letter, PLAINTIFF'S attorney yet again pointed out that PLAINTIFF'S claim involved intentional acts by third parties who intended to cause malicious harm to the Insured Vehicle. PLAINTIFF's attorney attached an estimate from R Dzign Auto Custom Body Shop, Inc. to this letter, which placed the value of the convertible top at $12,175.36 with labor for the replacement of the top at $2,160.00. R Dzign Auto Custom Body Shop, Inc.'s preliminary estimate for repairs to the damage done to the Insured Vehicle is in the amount of $35,413.99.

17. On or about June 27, 2014, INFINITY responded stating that they had not changed their position regarding the claim. However, in the last paragraph of the letter, INFINITY stated that, based on a second independent estimate of the damages which it had obtained, it was in fact extending payments for the replacement of the convertible top (less deductible and betterment), and for the repair of the front end damage. The June 27, 2014 letter maintained INFINITY's decision to separate the Insured's Vehicle's damages into separate claims, and based thereon, denied payment for all other damages because the separate claims fell under the Subject Policy's $1,000.00 deductible.

18. INFINITY provided no explanation or reasoning for its betterment reduction of the convertible top in the amount of $11,578.80 from $17,291.14 to $5,712.34. INFINITY had been informed numerous times, through recorded statements from PLAINTIFF and his brother Tigran,

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

and through visual observation, that the convertible top was in excellent condition prior to the Subject Claim. Furthermore, INFINITY's June 27, 2014 letter stated that the Insured Vehicle had been involved in numerous prior claims without explaining how or why any prior claims, which were resolved prior to the Subject Claim, are affecting coverage under the Subject Claim.

19. On or about August 4, 2014, PLAINTIFF'S attorney made another attempt to resolve the Subject Claim with INFINITY with a letter which explained that the Insured Vehicle was taken to the shop for minor repairs but was subjected to blatant vandalism, that the damage to the Insured Vehicle was the result of one incident of vandalism, was reported as one single claim, and that there is no evidence to support dividing the damages into separate claims, that there is no evidence to support the betterment reduction for the convertible top, and that all prior claims relating to the Insured Vehicle had been closed prior to the Subject Claim for unrelated damages.

20. On or about August 15, 2014, INFINITY replied to PLAINTIFF's August 4, 2014 letter by stating that their position remains unchanged and that they feel the damages to the Insured Vehicle occurred on separate occasions. Moreover, the August 15, 2014 letter did not respond to the points raised in PLAINTIFF's August 4, 2014 letter because that letter mistakenly referred to INFINITY's June 27, 2014 correspondence as a July 27, 2014 correspondence.

21. On or about October 28, 2014, PLAINTIFF's attorney made one final attempt to resolve the Subject Claim by sending INFINITY a correspondence which explained and summarized the material facts of this claim and offered INFINITY one final chance to resolve this claim in a fair manner. On or about November 14, 2014, INFINITY replied to PLAINTIFF's October 28, 2014 letter by stating that their position remains unchanged.

22. Since the time that the Insured Vehicle was damaged, PLAINTIFF has not been able to drive, use, or otherwise enjoy the Insured Vehicle due to its damaged condition.

**<u>FIRST CAUSE OF ACTION</u>**

**(BREACH OF CONTRACT)**

**(Against INFINITY SELECT INSURANCE COMPANY and Does 1 through 50, inclusive)**

23. PLAINTIFF re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 22 of this Complaint, as if fully set forth herein.

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

24. INFINITY was paid consideration in the form of premiums for the Subject Policy in this action, which covered PLAINTIFF for the incident alleged herein. PLAINTIFF faithfully performed all obligations required to be performed under the terms of the insurance contract.

25. PLAINTIFF was insured under a valid insurance policy issued by INFINITY which was in effect on the date the loss alleged herein occurred, which loss was covered under the policy.

26. INFINITY, and Does 1 through 50, breached the terms of the contract by failing to timely pay monies due under the contract, failing to properly investigate and adjust the claims described herein, delaying payment of policy benefits, and by forcing PLAINTIFF to initiate this litigation. INFINITY'S breaches of contract occurred in connection with the Subject Claim alleged in this Complaint.

27. As a direct, proximate and legal result of INFINITY'S breach of the contract, PLAINTIFF has been, and continues to be, damaged in an amount to be proven at trial, including but not limited to: loss of timely use of benefits, consequential damages including interest on monies PLAINTIFF could and should have received promptly, but which he did not receive in a timely fashion as a result of INFINITY'S breach of contract, loss of use and enjoyment of his vehicle, and other fees, expenses and costs to be proven at trial. PLAINTIFF has also sustained other economic losses as a direct, proximate and legal result of INFINITY'S conduct, in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**

**(BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING - INSURANCE BAD FAITH)**

**(Against INFINITY SELECT INSURANCE COMPANY, and Does 1 through 50, inclusive)**

28. PLAINTIFF re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 27 of this Complaint, as if fully set forth herein.

29. The Subject Policy was issued and entered into with INFINITY with the understanding and expectation, which was clearly understood by INFINITY, that INFINITY would act in good faith and deal fairly pursuant to the insurance contract.

///

30. INFINITY has breached its implied covenant of good faith and fair dealing arising from the insurance contract by unreasonably withholding benefits due under the policy, by intentionally and unreasonably diminishing the claim, and by other conduct, after accepting insurance premiums for the policy.

31. Despite PLAINTIFF'S repeated demands for fair payment for his damages resulting from the Body Shop's vandalism pursuant to the Subject Policy, INFINITY failed to accept a reasonable settlement offer, unreasonably denied and delayed payment, and engaged in unlawful insurance practices. Such bad faith conduct constitutes a continuing tort which is causing PLAINTIFF continued damages.

32. PLAINTIFF is informed and believes that INFINITY denied, low-balled and delayed PLAINTIFF'S claim pursuant to its bad faith pattern and practice of failing to reasonably settle claims, in an effort to force their insureds to take less than the reasonable value of their claims.

33. INFINITY'S conduct as described herein constitutes an illegal pattern and practice so extensive as to amount to a general unfair and unlawful business practice, and is done with a conscious disregard of PLAINTIFF'S rights and constitutes despicable conduct, oppression, fraud or malice under Civil Code Section 3294, entitling PLAINTIFF to punitive damages.

34. INFINITY'S conduct described herein was undertaken by INFINITY'S adjusters, appraisers, officers or managing agents, including INFINITY's claims manager, Orunda A. Bryant, and those identified herein as DOES 1 through 50, who were responsible for supervision and operation, reports, communications and/or decisions. This conduct was undertaken on behalf of INFINITY. INFINITY further had advance knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by INFINITY.

35. As a direct, proximate and legal result of INFINITY'S breach of the implied covenant of good faith and fair dealing, PLAINTIFF has been, and continues to be, damaged by: economic damages including loss of benefits owing to PLAINTIFF under the Subject Policy and loss of timely use of said benefits; consequential damages including interest on monies PLAINTIFF could and should have received promptly but which he did not receive in a timely

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

fashion as a result of INFINITY'S bad faith; loss of use and enjoyment of the Insured Vehicle; general damages including emotional distress, mental suffering, and anxiety. All aforementioned damaged are in an amount to be proven at trial.

36. As a further direct and proximate cause of INFINITY's bad faith, PLAINTIFF has been obligated to expend and incur liability for costs of suit, attorney's fees and related expenses in an amount not yet fully ascertained, but which will be submitted at the time of trial.

**PRAYER FOR RELIEF**

**WHEREFORE,** PLAINTIFF prays for judgment against INFINITY and DOES 1 through 50, inclusive, and each of them, as follows:

(1) Actual damages in an amount to be proven at trial;

(2) Incidental and consequential damages according to proof;

(3) Compensatory damages for payments made according to proof;

(4) Compensatory damages for repairs made according to proof;

(5) Compensatory damages for loss of use according to proof;

(6) Pre-judgment interest at the legal rate;

(7) Punitive damages and exemplary damages according to proof;

(8) Attorney's fees pursuant to Brandt v. Superior Court (1985) 37 Cal.3d 813;

(9) Costs and expenses of suit; and

(10) Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury of all triable issues.

DATED: November 18, 2014

LAW OFFICES OF MHER ASATRYAN

By: ______________________
Mher Asatryan, Esq.,
Attorney for Plaintiff,
Vahagn Gevorgyan

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Mher Asatryan, Esq. (SBN 279125)
LAW OFFICES OF MHER ASATRYAN
14545 Victory Blvd., Suite 506
Van Nuys, California 91411
TELEPHONE NO.: (818) 781-0179 FAX NO.: (818) 538-5179
ATTORNEY FOR (Name): Plaintiff, Vahagn Gevorgyan

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 18 2014

Sherri R. Carter, Executive Officer/Clerk
By Shaunya Bolden, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District - Stanley Mosk Courthouse

CASE NAME:
Vahagn Gevorgyan v. Infinity Select Insurance Company

**CIVIL CASE COVER SHEET**

☑ **Unlimited** (Amount demanded exceeds $25,000)
☐ **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**
☐ **Counter** ☐ **Joinder**
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: BC 5 6 4 1 6 8
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☑ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (*not specified above*) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action (*specify*): (1) Breach of Contract; (2) Insurance Bad Faith
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: November 18, 2014
Mher Asatryan, Esq.
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller
    - Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE: Vahagn Gevorgyan v. Infinity Select Insurance Company | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES CLASS ACTION? ☐ YES LIMITED CASE? ☐ YES TIME ESTIMATED FOR TRIAL 5-7 ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

| SHORT TITLE: Vahagn Gevorgyan v. Infinity Select Insurance Company | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☒ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Vahagn Gevorgyan v. Infinity Select Insurance Company | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action (Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE: Vahagn Gevorgyan v. Infinity Select Insurance Company | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. ☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | | ADDRESS: 311 Western Avenue |
|---|---|---|---|
| CITY: Glendale | STATE: CA | ZIP CODE: 91201 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: November 18, 2014

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)**

Case Number BC 5 6 4 1 6 8

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| | ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| | Hon. Daniel Buckley | 1 | 534 | Hon. Malcolm H. Mackey | 55 | 515 | |
| | Hon. Barbara A. Meiers | 12 | 636 | Hon. Michael Johnson | 56 | 514 | |
| | Hon. Terry A. Green | 14 | 300 | Hon Rolf M. Treu | 58 | 516 | |
| | Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 | |
| | Hon. Rita Miller | 16 | 306 | Hon. Mark Mooney | 68 | 617 | |
| | Hon. Richard E. Rico | 17 | 309 | Hon. William F. Fahey | 69 | 621 | |
| | Hon. Kevin C. Brazile | 20 | 310 | Hon. Soussan G. Bruguera | 71 | 729 | |
| | Hon. Robert L. Hess | 24 | 314 | Hon. Ruth Ann Kwan | 72 | 731 | |
| | Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rafael Ongkeko | 73 | 733 | |
| | Hon. Barbara Scheper | 30 | 400 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| | Hon. Mary H. Strobel | 32 | 406 | | | | |
| | Hon. Michael P. Linfield | 34 | 408 | | | | |
| | Hon. Gregory Alarcon | 36 | 410 | **Hon. Emilie H. Elias** | **324** | **CCW** | |
| | Hon. Maureen Duffy-Lewis | 38 | 412 | | | | |
| | Hon. Michelle R. Rosenblatt | 40 | 414 | | | | |
| | Hon. Holly E. Kendig | 42 | 416 | | | | |
| | Hon. Mel Red Recana | 45 | 529 | | | | |
| | Hon. Frederick C. Shaller | 46 | 500 | | | | |
| | Hon. Debre Katz Weintraub | 47 | 507 | | | | |
| | Hon. Elizabeth Allen White | 48 | 506 | | | | |
| | Hon. Deirdre Hill | 49 | 509 | | | | |
| X | Hon. John L. Segal | 50 | 508 | | | | |
| | Hon. Mitchell L. Beckloff | 51 | 511 | ***Provisionally Complex Non-Class Action Cases** | | | |
| | Hon. Susan Bryant-Deason | 52 | 510 | Assignment is Pending Complex Determination | 324 | CCW | |
| | Hon. Steven J. Kleifield | 53 | 513 | | | | |
| | Hon. Ernest M. Hiroshige | 54 | 512 | | | | |

***Complex**

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on NOV 18 2014 SHERRI R. CARTER, Executive Officer/Clerk

By SHAUNYA BOLDEN, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

**Superior Court of California**
**County of Los Angeles**

**Los Angeles County**
**Bar Association**
**Litigation Section**

**Los Angeles County**
**Bar Association Labor and**
**Employment Law Section**

**Consumer Attorneys**
**Association of Los Angeles**

**Southern California**
**Defense Counsel**

**Association of**
**Business Trial Lawyers**

**California Employment**
**Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – DISCOVERY RESOLUTION** | | CASE NUMBER: |

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

iii. Be filed within two (2) court days of receipt of the Request; and

iv. Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR PLAINTIFF)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ____________)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ____________)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ____________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | | CASE NUMBER: |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lacourt.org under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to ______________ (INSERT DATE) for the complaint, and ______________ (INSERT DATE) for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ______________)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ______________)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ______________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | | CASE NUMBER: |

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _______________ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _______________ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | | CASE NUMBER: |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| | |

**The following parties stipulate:**

Date:

_______________________ ➤ _______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF)

Date:

_______________________ ➤ _______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

_______________________ ➤ _______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

_______________________ ➤ _______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

_______________________ ➤ _______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR _______________)

Date:

_______________________ ➤ _______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR _______________)

Date:

_______________________ ➤ _______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR _______________)

**THE COURT SO ORDERS.**

Date: _______________________ _______________________
JUDICIAL OFFICER

# Exhibit B

CT Corporation

**Service of Process Transmittal**
11/19/2014
CT Log Number 526104469

**TO:** Heather Jarvis
Infinity Insurance Company
3700 Colonnade Parkway
Birmingham, AL 35243

**RE:** **Process Served in California**

**FOR:** Infinity Select Insurance Company (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Vahagn Gevorgyan, Pltf. vs. Infinity Select Insurance Company, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Instructions, Addendum and Statement, Notice, Attachment(s), Stipulation(s), Informal Discovery Conference, Stipulation and Order |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Hill Street, CA<br>Case # BC564168 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/19/2014 at 14:45 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Mher Asatryan<br>Law Offices of Mher Asatryan<br>14545 Victory Blvd., Suite 506<br>Van Nuys, CA 91411<br>818-781-0179 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/20/2014, Expected Purge Date: 11/25/2014<br>Image SOP<br>Email Notification, Heather Jarvis heather.jarvis@ipacc.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# Exhibit C

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
PETER H. KLEE, Cal. Bar No. 111707
JOHN D. EDSON, Cal. Bar No. 185709
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone: 619.338.6500
Facsimile: 619.234.3815
Email: PKlee@sheppardmullin.com
JEdson@sheppardmullin.com

Attorneys for Infinity Select Insurance Company

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| VAHAGN GEVORGYAN,<br><br>Plaintiff,<br><br>v.<br><br>INFINITY SELECT INSURANCE COMPANY, an Indiana corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. BC564168<br><br>The Hon. John L. Segal<br>Dept. 50<br><br>**DEFENDANT INFINITY SELECT INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: November 18, 2014<br>Trial Date: TBD |

Defendant Infinity Select Insurance Company ("Infinity") hereby answers to Plaintiff's Complaint for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing (Insurance Bad Faith) ("Complaint") and alleges as follows:

**GENERAL DENIAL**

Answering the Complaint herein, and each and every cause of action contained therein, Infinity denies generally and specifically, conjunctively and disjunctively, each and every, all and singularly, of the allegations of the Complaint and each and every cause of action therein pursuant to the provisions of section 431.30 of the California Code of Civil Procedure.

Without admitting that it holds the burden of proof, Infinity alleges the following separate and additional defenses:

**FIRST SEPARATE AND ADDITIONAL DEFENSE**

**(Failure to State a Claim Upon Which Relief Can Be Granted)**

The Complaint, and each and every purported cause of action therein, fails to state facts sufficient to constitute a cause of action or to state a claim upon which relief can be granted.

**SECOND SEPARATE AND ADDITIONAL DEFENSE**

**(Recovery Precluded by Contract)**

Infinity alleges that Plaintiff's right to recovery is limited to the specific terms and conditions set forth in the Policy, that such terms and conditions could not be modified or amended except in writing and in accordance with the Policy's terms, and that under the terms of the Policy Plaintiff is precluded from relief.

**THIRD SEPARATE AND ADDITIONAL DEFENSE**

**(Failure to Comply with Contract Terms)**

The Complaint, and each purported cause of action, is barred because Plaintiff has not fully complied with all the terms and conditions of the Policy necessary for recovery.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

**(Condition Precedent)**

Infinity is informed and believes, and based thereon alleges, that Plaintiff has failed to perform certain conditions precedent to any obligations or indebtedness which Infinity otherwise would have had towards them.

## FIFTH SEPARATE ADDITIONAL DEFENSE

**(Insuring Provision)**

Plaintiff cannot meet his burden of establishing that the loss claimed falls within insuring provision of the Policy:

INSURING AGREEMENT

A. We will pay for direct and accidental loss to "your covered auto" or any "non-owned auto", Including their equipment, minus any applicable deductible shown in the Declarations. If loss to more than one "your covered auto" or "non-owned auto" results from the same "collision", only the highest applicable deductible will apply. We will pay for loss to "your covered auto" caused by:

1. Other than "collision" only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.

2. "Collision" only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a "non-owned auto", we will provide the broadest coverage applicable to any "your covered auto" shown in the Declarations.

B. "Collision" means the upset of "your covered auto" or a "non-owned auto" or their impact with another vehicle or object.

Loss caused by the following is considered other than "collision":

1. Missiles or falling objects;

2 Fire;

3 Theft or larceny;

4 Explosion or earthquake;

5 Windstorm,

6. Hail, water or flood;

7. Malicious misconduct or vandalism;

8. Riot or civil commotion;

9. Contact with bird or animal: or

10. Breakage of glass

If breakage of glass is caused by a "collision". you may elect to have it considered a loss caused by "collision".

**SIXTH SEPARATE ADDITIONAL DEFENSE**

**(Policy Provision/Exclusions from Coverage)**

Through a policy endorsement, Plaintiff's right of recovery, of any, is excluded by the following policy provision:

The following exclusions are added:

We will not pay for

1. loss or damage caused by contributed to or resulting from work done in the course of any maintenance, repair, renovation, restoration or similar process.

. . .

**SEVENTH SEPARATE ADDITIONAL DEFENSE**

**(Policy Provision/Exclusions from Coverage)**

Plaintiff's right of recovery, of any, is barred by the following policy exclusion:

EXCLUSIONS

We will not pay for:

1. Loss to "your covered auto" or any "non-owned auto" which occurs while it is being used as a public or livery conveyance. This Exclusion (1) does not apply to a share-the-expense car pool.

2. Damage due and confined to:

   a. Wear and tear;

   b. Freezing;

   c. Mechanical or electrical breakdown or failure, or

   d. Road damage to tires.

**EIGHTH SEPARATE ADDITIONAL DEFENSE**

**(Policy Provision/Exclusions from Coverage)**

Plaintiff's right of recovery, if any, is precluded by the following policy provision:

OTHER SOURCES OF RECOVERY

If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a "non-owned auto" shall be excess over any other collectible source of recovery including, but not limited to:

. . .

2. Any other applicable physical damage insurance;

3. Any other source of recovery applicable to the loss.

**NINTH SEPARATE ADDITIONAL DEFENSE**

**(Policy Provision/Exclusions from Coverage)**

Plaintiff's right of recovery, of any, is limited and precluded by the following policy provision:

CLASSIC AND COLLECTIBLE VEHICLES - AGREED VALUE

This endorsement amends the policy as follows, please read it carefully.

DEFINITIONS

The following definition is added:

"Agreed value" means the value of the vehicle at the inception date of the policy, that you and we agree on. You agree that we may change this amount when the policy is renewed to reflect current costs and values.

PART D - COVERAGE FOR DAMAGE TO YOUR AUTO

LIMIT OF LIABILITY

Section A. is replaced by the following:

A. If the vehicle is insured for an agreed value and so indicated on the Declarations page, if the vehicle is stolen or totally destroyed we will pay the agreed value. This Limit of Liability shown for each vehicle is increased by 2 percent at the end of each 3 month period after the effective date. Upon expiration of the policy period, the limit reverts back to the agreed value stated in the Declarations. This amount is used to process your renewal unless you request a change in the amount of insurance. We will reduce our payment by any amount paid for a previous loss to that vehicle if the damage was not repaired.

Section B. is replaced by the following:

B. If the vehicle is insured for an agreed value and so indicated on the Declaration page, in the event of partial damage to the vehicle we will pay the amount required to repair or replace it, whichever is less, up to the amount of coverage for each occurrence with labor and parts of like kind and quality.

**TENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Unclean Hands)**

Plaintiff's claims are barred by the doctrine of unclean hands.

**ELEVENTH SEPARATE ADDITIONAL DEFENSE**

**(Policy Provision/Exclusions from Coverage)**

Plaintiff's right of recovery, if any, is precluded by the following policy provision:

PART E – DUTIES AFTER AN ACCIDENT OR LOSS

We have no duty to provide coverage under this policy if the failure to with the following duties is prejudicial to us.

A. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B. A person seeking any coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

o o o

3. Submit as often as we reasonably require.

o o o

b. To examination under oath and subscribe the same.

4. Authorize us to obtain:

o o o

b. Other pertinent records.

5. Submit a proof of loss when required by us.

o o o

D. A person seeking Coverage For Damage To Your Auto must also.

1. Take reasonable steps after loss to protect "your covered auto" or any "non-owned auto" and their equipment from further loss. We pay reasonable expenses incurred to do this.

o o o

3. Permit us to inspect and appraise the damaged property before its repair or disposal.

**TWELFTH SEPARATE ADDITIONAL DEFENSE**

**(Policy Provision/Exclusions from Coverage)**

Plaintiff's right of recovery, if any, is precluded by the following policy provision:

LEGAL ACTION AGAINST US

A. No legal action may be brought against us until there has been full compliance with all the terms of this policy. . . .

**THIRTEENTH SEPARATE ADDITIONAL DEFENSE**

**(Policy Provision/Limitation on Coverage)**

To the extent that plaintiff made false statements during the claim, plaintiff's right of recovery, if any, is precluded by the following policy provision:

We do not provide coverage for any "Insured" who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.

**FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Willful Act of Insured: Insurance Code § 533 *et seq.*)**

Under Insurance Code § 533 *et seq.*, Plaintiff's right to recovery, if any, is barred as a result of any willful acts or those acting under his control or direction.

**FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Failure to Mitigate)**

Plaintiff has failed to mitigate his claimed damages.

**SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Comparative Fault)**

Infinity is informed and believes and, on that basis alleges, that the damages complained of, if any there are, were proximately caused by the comparative fault and negligence of Plaintiff and/or his son, agents and representatives. Infinity acted reasonably

under the circumstances. Any recovery herein must be proportionately reduced to the extent such fault or negligence caused such damages.

**SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Damage Caused by Others)**

To the extent the purported damages, if any, sustained or suffered by Plaintiff were proximately caused or contributed to by the acts or omissions of other persons and entities, such acts or omissions were intervening and/or superseding cause(s) of Plaintiff's damages, thus barring Plaintiff's recovery or reducing Plaintiff's recovery against Infinity.

**EIGHTEENTH SEPARATE ADDITIONAL DEFENSE**

**(Policy Provision/Exclusions from Coverage)**

Plaintiff's right of recovery, if any, is limited by the following policy provision:

NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

**NINETEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Misrepresentation In Insurance Application: Insurance Code § 330 *et. seq.*)**

To the extent plaintiff made any false statements in his application for insurance, the Complaint, and each cause of action therein, is barred by the terms of the Policy and the related Insurance Code § 331, which provides: "Concealment, whether intentional or unintentional, entitles the injured party to rescind insurance." Under Insurance Code § 330, "Neglect to communicate that which a party knows, and ought to communicate, is concealment."

**TWENTIETH SEPARATE ADDITIONAL DEFENSE**

**(Policy Provision/Exclusions from Coverage)**

Plaintiff's right of recovery, if any, is limited by the following policy provision:

LIMIT OF LIABILITY

A. Our limit of liability for loss will be the lesser of the:

1. Actual cash value of the stolen or damaged property; or

2. Amount necessary to repair or replace the property with other property of like kind and quality.

However, the most we will pay for loss to:

1. Any "non-owned auto" which is a trailer is $1500.

2. Electronic equipment that reproduces, receives or transmits audio, visual or data signals, which is permanently installed in the auto in locations not used by the auto manufacturer for installation of such equipment, is $1,000.

B. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total loss.

C. If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

By endorsement, this provision is amended as follows:

Section **A.** is replaced by the following:

**A.** **Our** Limit of Liability for loss will be the lesser of:

**1.** The amount shown on the Declarations page. The Limit of Liability for each vehicle shown in the Declarations page is increased by two percent at each annual renewal for all antique, modified or classic vehicles unless you request a change in the amount of insurance;

**2.** the actual cash value of the stolen or damaged property; or

**3.** the amount necessary to repair or replace the stolen or damaged property.

We extend our Limit of Liability to cover additional or replacement collectible vehicles acquired by you during the policy period, but not to exceed the verifiable valuable, $25,000 or the purchase price, whichever is less. Such additional or replacement vehicles must be reported to us within 30 days of purchase.

## TWENTY-FIRST ADDITIONAL DEFENSE

**(Complaint Barred by California Insurance Code section 2071)**

The Complaint is barred under California Insurance Code section 2071.

## TWENTY-SECOND ADDITIONAL DEFENSE

**(Insurance Code 280 et seq., Insurable Interest)**

Plaintiff's Complaint is barred or limited to the extent he lacked an ownership interest in the vehicle at the time of the loss. Under Insurance Code § 284, insurable interest is measured at the time of the loss.

**TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE**

**(Waiver)**

Plaintiff, by his actions, knowingly, voluntarily, and willingly waived any rights he may otherwise have had against Infinity.

**TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE**

**(Estoppel)**

Plaintiff is estopped from asserting the claims set forth in the Complaint.

**TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE**

**(Collateral Estoppel)**

Plaintiff's claims may be barred in whole or in part by collateral estoppel.

**TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE**

**(Release of Liability)**

Plaintiff's conduct has released Infinity of any liability it might have had.

**TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Limitation on Non-Economic Damages)**

While denying the allegations of the Complaint, Infinity alleges that if Plaintiff recovery, then under California Civil Code section 1431.1, *et seq.*, Infinity is not liable for any non-economic damages that are not directly proportional to its respective percentage of fault.

**TWENTY-EIGHTH ADDITIONAL DEFENSE**

**(No Liability for Independent Contractor Conduct)**

Plaintiff's Complaint is barred or limited because Infinity cannot be held liable for any damages caused by the conduct of an independent contractor.

**TWENTY-NINTH ADDITIONAL DEFENSE**

**(Offset/Credit)**

Infinity is entitled to an offset or credit against Plaintiff.

**THIRTIETH ADDITIONAL DEFENSE**

**(Privilege)**

Some of the allegations in the Complaint and the causes of action are barred or limited because Plaintiff involves privileged conduct.

**THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

**(Statute of Limitations)**

In the event the claims are not governed under the two-year statute of limitations, Infinity is informed and believes, and based thereon alleges, that the Complaint, and each purported cause of action, is barred by the applicable statute of limitations including, but not limited to, California Code of Civil Procedure sections 337, 339 and 343.

**THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

**(Laches)**

Plaintiff is barred from any recovery against Infinity to the extent his Complaint is subject to the doctrine of laches and their undue delay in commencing and prosecuting this litigation.

**THIRTY-THIRD SEPARATE AND ADDITIONAL DEFENSE**

**(Failure to State Claim: Punitive Damages)**

The Complaint, and each and every purported cause of action, fails to state facts sufficient to constitute a claim for punitive damages against Infinity.

**THIRTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE**

**(Due Process)**

Civil Code Section 3294 is unconstitutionally vague under the Due Process Clause of the California and United States Constitutions.

**THIRTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE**

**(Due Process)**

Any amount of punitive damages in excess of $500 would constitute an excessive fine under the California and United States Constitutions.

**THIRTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE**

**(Due Process)**

Any award of punitive damages would violate Infinity's right to due process under both the United States Constitution and the California Constitution.

**THIRTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Standing)**

To the extent Plaintiff's lack of standing to assert some or all of the claims set forth in the Complaint or damages for specific items, his claims therefore are barred.

**THIRTY-EIGHTH ADDITIONAL DEFENSE**

**(Complete Terms of Insurance Contract)**

Infinity incorporates by reference each and every term of the insurance contract and incorporates these provisions in its answer.

**THIRTY-NINTH ADDITIONAL DEFENSE**

**(Additional Unknown Defenses)**

Infinity is informed and believes and thereupon alleges that it may have other defenses of which it is presently unaware; Infinity reserves the right to allege additional defenses upon the discovery of additional facts during the course of this litigation.

WHEREFORE, Infinity prays as follows:

1. That Plaintiff takes nothing by way of his Complaint;
2. For costs of suit herein; and
3. For such other relief as the court deems just and proper.

Dated: December 18, 2014 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By [signature]
JOHN D. EDSON

Attorneys for Infinity Select Insurance Company

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
PETER H. KLEE, Cal. Bar No. 111707
JOHN D. EDSON, Cal. Bar No. 185709
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone: 619.338.6500
Facsimile: 619.234.3815
Email: PKlee@sheppardmullin.com
JEdson@sheppardmullin.com

Attorneys for Infinity Select Insurance Company

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| VAHAGN GEVORGYAN,<br><br>Plaintiff,<br><br>v.<br><br>INFINITY SELECT INSURANCE COMPANY, an Indiana corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. BC564168<br><br>The Hon. John L. Segal<br>Dept. 50<br><br>**PROOF OF SERVICE**<br><br>Complaint Filed: November 18, 2014<br>Trial Date: TBD |

I, the undersigned, declare under penalty of perjury that I am, and was at the time of service of the papers herein referred to, over the age of eighteen years and not a party to the action; and I am employed in the County of San Diego, State of California, in which county the within-mentioned service occurred. My business address is 501 West Broadway, 19th Floor, San Diego, California 92101.

On December 19, 2014, I served a copy of the following document(s):

**DEFENDANT INFINITY SELECT INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and

mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

Mher Asatryan
LAW OFFICES OF MHER ASATRYAN
14545 Victory Blvd., Suite 506
Van Nuys, CA 91411

**Attorney for Plaintiff Vahagn Gevorgyan**

Telephone: (818) 781-0179
Facsimile: (818) 538-5179

E-mail: mher@asatryanlaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Diego, California on December 19, 2014.

Nicole Lautzenheiser

# Exhibit D

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
PETER H. KLEE, Cal. Bar No. 111707
JOHN D. EDSON, Cal. Bar No. 185709
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone: 619.338.6500
Facsimile: 619.234.3815
Email: PKlee@sheppardmullin.com
JEdson@sheppardmullin.com

Attorneys for Infinity Select
Insurance Company

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

| | |
|---|---|
| VAHAGN GEVORGYAN,<br>Plaintiff,<br>v.<br>INFINITY SELECT INSURANCE COMPANY, an Indiana corporation, and DOES 1 through 50, inclusive,<br>Defendants. | Case No. BC564168<br>The Hon. John L. Segal<br>Dept. 50<br>**DEFENDANT INFINITY SELECT INSURANCE COMPANY'S SPECIAL INTERROGATORIES TO PLAINTIFF VAHAGN GEVORGYAN (SET ONE)**<br>Complaint Filed: November 18, 2014<br>Trial Date: TBD |

PROPOUNDING PARTY: Defendant, Infinity Select Insurance Company

RESPONDING PARTY: Plaintiff, Vahagn Gevorgyan

SET NO.: One

**TO PLAINTIFF VAHAGN GEVORGYAN AND HIS ATTORNEYS OF RECORD:**

Defendant Infinity Select Insurance Company, hereby requests that plaintiff Vahagn Gevorgyan respond to the following special interrogatories within the time prescribed by the Code of Civil Procedure §§ 2030.260, *et seq.*

/ / /

## SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

State all facts that support YOUR contention that INFINITY breached its insurance contract with YOU.

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

(The term "INFINITY" refers to Infinity Select Insurance Company, and anyone acting on its behalf, including claims handlers and attorneys.)

**SPECIAL INTERROGATORY NO. 2:**

IDENTIFY all PERSONS with knowledge of any fact that supports YOUR contention that INFINITY breached its insurance contract with YOU.

(The term "IDENTIFY" when used in reference to a natural person means to state that person's full name, present or last known residence address, and telephone number; when used in reference to a corporate entity, company, partnership, organization, or association means to state that entity's full name, business address and telephone number.)

(The term "PERSONS" refers to a natural person, corporation, association, organization, partnership, firm, business, trust, or public entity.)

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

(The term "INFINITY" refers to Infinity Select Insurance Company, and anyone acting on its behalf, including claims handlers and attorneys.)

**SPECIAL INTERROGATORY NO. 3:**

State all facts that support YOUR contention that INFINITY breached the implied covenant of good faith and fair dealing in the handling of YOUR CLAIM.

(The term "CLAIM" refers to the insurance claim YOU made to Infinity (later separated into claim nos. 20002087686, 200021431173, 200002143162, and 20000243148), for substandard repairs and alleged property damage to YOUR 2003 Ferrari 360 while in the possession of Studio Auto Body on or about 09/12/2013 reported

to Infinity on or about 11/13/2013.)

**SPECIAL INTERROGATORY NO. 4:**

IDENTIFY all PERSONS with knowledge of any fact that supports YOUR contention that INFINITY breached the implied covenant of good faith and fair dealing.

(The term "IDENTIFY" when used in reference to a natural person means to state that person's full name, present or last known residence address, and telephone number; when used in reference to a corporate entity, company, partnership, organization, or association means to state that entity's full name, business address and telephone number.)

(The term "PERSONS" refers to a natural person, corporation, association, organization, partnership, firm, business, trust, or public entity.)

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

(The term "INFINITY" refers to Infinity Select Insurance Company, and anyone acting on its behalf, including claims handlers and attorneys.)

**SPECIAL INTERROGATORY NO. 5:**

State all facts that support YOUR contention in paragraph 8 of YOUR COMPLAINT that "the Insured vehicle was intentionally vandalized by disgruntled employees of the Body Shop in retaliation for not being paid by their employer."

(The term "COMPLAINT" refers to the complaint YOU filed on or about November 18, 2014, in the Superior Court of California, County of Los Angeles, Central District, Case No. BC564168, entitled *Vahagn Gevorgyan v. Infinity Select Insurance Company, an Indiana Corporation, et al.*)

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

**SPECIAL INTERROGATORY NO. 6:**

State all facts that support YOUR contention in paragraph 8 of YOUR COMPLAINT that "the Insured vehicle was intentionally vandalized by disgruntled employees of the Body Shop in retaliation for not being paid by their employer."

(The term "COMPLAINT" refers to the complaint YOU filed on or about November 18, 2014, in the Superior Court of California, County of Los Angeles, Central District, Case No. BC564168, entitled *Vahagn Gevorgyan v. Infinity Select Insurance Company, an Indiana Corporation, et al.*)

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

(The term "INFINITY" refers to Infinity Select Insurance Company, and anyone acting on its behalf, including claims handlers and attorneys.)

**SPECIAL INTERROGATORY NO. 7:**

State all facts that support YOUR claim for punitive damages against INFINITY.

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

(The term "INFINITY" refers to Infinity Select Insurance Company, and anyone acting on its behalf, including claims handlers and attorneys.)

**SPECIAL INTERROGATORY NO. 8:**

IDENTIFY all PERSONS in support of YOUR claim for punitive damages against INFINITY.

(The term "IDENTIFY" when used in reference to a natural person means to state that person's full name, present or last known residence address, and telephone number; when used in reference to a corporate entity, company, partnership, organization, or association means to state that entity's full name, business address and telephone number.)

(The term "PERSONS" refers to a natural person, corporation, association, organization, partnership, firm, business, trust, or public entity.)

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

(The term "INFINITY" refers to Infinity Select Insurance Company, and anyone acting on its behalf, including claims handlers and attorneys.)

**SPECIAL INTERROGATORY NO. 9:**

State all facts that support YOUR contention in paragraph 35 of YOUR COMPLAINT that plaintiff has suffered "emotional distress, mental suffering, and anxiety."

(The term "COMPLAINT" refers to the complaint YOU filed on or about November 18, 2014, in the Superior Court of California, County of Los Angeles, Central District, Case No. BC564168, entitled *Vahagn Gevorgyan v. Infinity Select Insurance Company, an Indiana Corporation, et al.*)

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

**SPECIAL INTERROGATORY NO. 10:**

IDENTIFY all PERSONS with knowledge of any fact that supports YOUR contention in paragraph 35 of YOUR COMPLAINT that plaintiff has suffered "emotional distress, mental suffering, and anxiety."

(The term "IDENTIFY" when used in reference to a natural person means to state that person's full name, present or last known residence address, and telephone number; when used in reference to a corporate entity, company, partnership, organization, or association means to state that entity's full name, business address and telephone number.)

(The term "PERSONS" refers to a natural person, corporation, association, organization, partnership, firm, business, trust, or public entity.)

(The term "COMPLAINT" refers to the complaint YOU filed on or about November 18, 2014, in the Superior Court of California, County of Los Angeles, Central District, Case No. BC564168, entitled *Vahagn Gevorgyan v. Infinity Select Insurance Company, an Indiana Corporation, et al.*)

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

**SPECIAL INTERROGATORY NO. 11:**

IDENTIFY all health care providers, including but not limited to treating

physicians, psychiatrists, psychologists, social workers, nurses, and counselors, who provided any medical diagnosis, treatment or care to YOU for any "emotional distress, mental suffering, and anxiety" YOU allege in paragraph 35 of the COMPLAINT.

(The term "IDENTIFY" when used in reference to a natural person means to state that person's full name, present or last known residence address, and telephone number; when used in reference to a corporate entity, company, partnership, organization, or association means to state that entity's full name, business address and telephone number.)

(The term "PERSONS" refers to a natural person, corporation, association, organization, partnership, firm, business, trust, or public entity.)

(The term "COMPLAINT" refers to the complaint YOU filed on or about November 18, 2014, in the Superior Court of California, County of Los Angeles, Central District, Case No. BC564168, entitled *Vahagn Gevorgyan v. Infinity Select Insurance Company, an Indiana Corporation, et al.*)

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

**SPECIAL INTERROGATORY NO. 12:**

State the amount of actual damages, incidental and consequential damages, compensatory damages, and other damages YOU suffered as a result of INFINITY'S alleged improper handling of YOUR CLAIM.

(The term "CLAIM" refers to the insurance claim YOU made to Infinity (later separated into claim nos. 20002087686, 200021431173, 200002143162, and 20000243148), for substandard repairs and alleged property damage to YOUR 2003 Ferrari 360 while in the possession of Studio Auto Body on or about 09/12/2013 reported to Infinity on or about 11/13/2013.)

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

**<u>SPECIAL INTERROGATORY NO. 13</u>:**

If YOU contend that YOU are entitled to recover attorney's fees under *Brandt v. Superior Court,* 37 Cal.3d 813 (1985), state the total amount of attorney's fees YOU have incurred to date to recover policy benefits.

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

**<u>SPECIAL INTERROGATORY NO. 14</u>:**

If YOU contend that YOU are entitled to recover attorney's fees under <u>Brandt v. Superior Court</u>, 37 Cal. 3d 813 (1985) in this case, state the total amount of attorneys' fees that YOU are seeking.

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

**<u>SPECIAL INTERROGATORY NO. 15</u>:**

IDENTIFY each PERSON who worked on YOUR VEHICLE at the repair shop where YOU contend the VEHICLE was damaged.

(The term "IDENTIFY" when used in reference to a natural person means to state that person's full name, present or last known residence address, and telephone number; when used in reference to a corporate entity, company, partnership, organization, or association means to state that entity's full name, business address and telephone number.)

(The term "PERSONS" refers to a natural person, corporation, association, organization, partnership, firm, business, trust, or public entity.)

(The term "VEHICLE" refers to YOUR 2003 Ferrari 360, Vin#: ZFFYT53A930134118.)

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

**SPECIAL INTERROGATORY NO. 16:**

IDENTIFY all repair shops or facilities which have done maintenance or repairs on YOUR VEHICLE from the date of YOUR purchase through the date YOU reported YOUR CLAIM to INFINITY.

(The term "IDENTIFY" when used in reference to a natural person means to state that person's full name, present or last known residence address, and telephone number; when used in reference to a corporate entity, company, partnership, organization, or association means to state that entity's full name, business address and telephone number.)

(The term "CLAIM" refers to the insurance claim YOU made to Infinity (later separated into claim nos. 20002087686, 200021431173, 200002143162, and 20000243148), for substandard repairs and alleged property damage to YOUR 2003 Ferrari 360 while in the possession of Studio Auto Body on or about 09/12/2013 reported to Infinity on or about 11/13/2013.)

(The term "VEHICLE" refers to YOUR 2003 Ferrari 360, Vin#: ZFFYT53A930134118.)

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

///

///

///

///

///

///

///

///

///

**SPECIAL INTERROGATORY NO. 17:**

State the number of miles YOUR VEHICLE has been driven, per year, for each year YOU have owned the VEHICLE (from date of purchase through 2014).

(The term "VEHICLE" refers to YOUR 2003 Ferrari 360, Vin#: ZFFYT53A930134118.)

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

Dated: January 30, 2015

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By [signature]
John D. Edson
Attorneys for Defendant
INFINITY SELECT INSURANCE COMPANY

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
PETER H. KLEE, Cal. Bar No. 111707
JOHN D. EDSON, Cal. Bar No. 185709
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone: 619.338.6500
Facsimile: 619.234.3815
Email: PKlee@sheppardmullin.com
JEdson@sheppardmullin.com

Attorneys for Infinity Select Insurance Company

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| VAHAGN GEVORGYAN,<br><br>Plaintiff,<br><br>v.<br><br>INFINITY SELECT INSURANCE COMPANY, an Indiana corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. BC564168<br><br>The Hon. John L. Segal<br>Dept. 50<br><br>**PROOF OF SERVICE**<br><br>Complaint Filed: November 18, 2014<br>Trial Date: TBD |

I, the undersigned, declare under penalty of perjury that I am, and was at the time of service of the papers herein referred to, over the age of eighteen years and not a party to the action; and I am employed in the County of San Diego, State of California, in which county the within-mentioned service occurred. My business address is 501 West Broadway, 19th Floor, San Diego, California 92101.

On January 30, 2015, I served a copy of the following document(s):

**DEFENDANT INFINITY SELECT INSURANCE COMPANY'S SPECIAL INTERROGATORIES TO PLAINTIFF VAHAGN GEVORGYAN (SET ONE)**

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and

mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

Mher Asatryan
LAW OFFICES OF MHER ASATRYAN
14545 Victory Blvd., Suite 506
Van Nuys, CA 91411

**Attorney for Plaintiff Vahagn Gevorgyan**

Telephone: (818) 781-0179
Facsimile: (818) 538-5179

E-mail: mher@asatryanlaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Diego, California on January 30, 2015.

Nicole Lautzenheiser

# Exhibit E

Mher Asatryan, Esq., SBN: 279125
LAW OFFICES OF MHER ASATRYAN
14545 Victory Blvd., Suite 506
Van Nuys, CA 91411
Tel. (818) 781-0179; Fax (818) 538-5179
Email: mher@asatryanlaw.com

Attorney for Plaintiff, Vahagn Gevorgyan

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – UNLIMITED JURISDICTION

CENTRAL DISTRICT – STANLEY MOSK COURTHOUSE

VAHAGN GEVORGYAN,

Plaintiff,

vs.

INFINITY SELECT INSURANCE COMPANY, an Indiana corporation, and DOES 1 through 50, inclusive,

Defendants.

Case No.: BC564168

[Assigned to Judge John L. Segal, Dept. 50]

**PLAINTIFF VAHAGN GEVORGYAN'S RESPONSE TO DEFENDANT INFINITY SELECT INSURANCE COMPANY'S SPECIAL INTERROGATORIES (SET ONE)**

Complaint Filed: November 18, 2014
Trial Date: February 8, 2016

**PROPOUNDING PARTY: Defendant, INFINITY SELECT INSURANCE COMPANY**

**RESPONDING PARTY: Plaintiff, VAHAGN GEVORGYAN**

**SET NO.: ONE (1)**

---

## PRELIMINARY STATEMENT

Plaintiff Vahagn Gevorgyan (hereinafter "Responding Party") has not fully completed discovery in this action. All of the responses contained herein are based only upon such information presently available to and specifically known by Responding Party. Further discovery, independent investigation, legal research, and analysis may supply additional facts, add meaning to known facts, and establish new factual conclusions and legal theories that may result in changes to

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

and variations from the contentions herein set forth. The following responses are given without prejudice to the responding party's right to produce, at the time of trial, subsequently discovered evidence relating to the proof of facts subsequently discovered to be material.

Except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that any request herein has been answered shall not be taken as an admission or concession of the existence of any facts set forth or assumed by such a question, or that such a response constitutes evidence of any facts thus set forth or assumed. All responses must be construed as given on the basis of present recollection.

**GENERAL OBJECTIONS**

Any Interrogatory deemed as continuing is objected to as oppressive, overly burdensome, improper and not in compliance with Code of Civil Procedure section 2030.060(g) and will not be regarded as continuing in nature.

These responses are made solely for the purpose of, and in relation to, this action. Each response given is subject to all appropriate objections including, but not limited to, objections concerning competency, relevancy, materiality, propriety, attorney-client privilege, work-product doctrine and admissibility which would require the exclusion of any evidence herein if the evidence were offered at trial. All such objections and grounds are therefore reserved and may be interposed at the time of trial.

**RESPONSES TO SPECIAL INTERROGATORIES**

**SPECIAL INTERROGATORY NO. 1:**

State all facts that support YOUR contention that INFINITY breached its insurance contract with YOU.

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

(The term "INFINITY" refers to Infinity Select Insurance Company, and anyone acting on its behalf, including claims handlers and attorneys.)

///

///

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Objection. This Interrogatory is broad, burdensome, oppressive, compound, calls for a narrative, and seeks an expert opinion. Furthermore, this Interrogatory is undefined and ambiguous because it does not define which "insurance contract" it is referencing. Without waiving said objections, Responding Party incorporates the allegations in its operative Complaint.

**SPECIAL INTERROGATORY NO. 2:**

IDENTIFY all PERSONS with knowledge of any fact that supports YOUR contention that INFINITY breached its insurance contract with YOU.

(The term "IDENTIFY" when used in reference to a natural person means to state that person's full name, present or last known residence address, and telephone number; when used in reference to a corporate entity, company, partnership, organization, or association means to state that entity's full name, business address and telephone number.)

(The term "PERSONS" refers to a natural person, corporation, association, organization, partnership, firm, business, trust, or public entity.)

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

(The term "INFINITY" refers to Infinity Select Insurance Company, and anyone acting on its behalf, including claims handlers and attorneys.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Objection. This Interrogatory is broad, burdensome, oppressive, compound, calls for a narrative, and seeks the disclosure of the identities of Responding Party's retained experts. Furthermore, this Interrogatory is undefined and ambiguous because it does not define which "insurance contract" it is referencing. Without waiving said objections, Responding Party states as follows: Responding Party, Tigran Gevorgyan, Propounding Party's adjusters and other employees.

**SPECIAL INTERROGATORY NO. 3:**

State all facts that support YOUR contention that INFINITY breached the implied covenant of good faith and fair dealing in the handling of YOUR CLAIM.

///

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

(The term "CLAIM" refers to the insurance claim YOU made to Infinity (later separated into claim nos. 20002087686, 200021431173, 200002143162, and 20000243148), for substandard repairs and alleged property damage to YOUR 2003 Ferrari 360 while in the possession of Studio Auto Body on or about 09/12/2013 reported to Infinity on or about 11/13/2013.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Objection. This Interrogatory is broad, burdensome, oppressive, compound, calls for a narrative, and seeks an expert opinion. Without waiving said objections, Responding Party incorporates the allegations in its operative Complaint.

**SPECIAL INTERROGATORY NO. 4:**

IDENTIFY all PERSONS with knowledge of any fact that supports YOUR contention that INFINITY breached the implied covenant of good faith and fair dealing.

(The term "IDENTIFY" when used in reference to a natural person means to state that person's full name, present or last known residence address, and telephone number; when used in reference to a corporate entity, company, partnership, organization, or association means to state that entity's full name, business address and telephone number.)

(The term "PERSONS" refers to a natural person, corporation, association, organization, partnership, firm, business, trust, or public entity.)

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

(The term "INFINITY" refers to Infinity Select Insurance Company, and anyone acting on its behalf, including claims handlers and attorneys.).

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Objection. This Interrogatory is broad, burdensome, oppressive, compound, calls for a narrative, and seeks the disclosure of the identities of Responding Party's retained experts. Without waiving said objections, Responding Party states as follows: Responding Party, Tigran Gevorgyan, Propounding Party's adjusters and other employees.

///

///

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

**SPECIAL INTERROGATORY NO. 5:**

State all facts that support YOUR contention in paragraph 8 of YOUR COMPLAINT that "the Insured vehicle was intentionally vandalized by disgruntled employees of the Body Shop in retaliation for not being paid by their employer."

(The term "COMPLAINT" refers to the complaint YOU filed on or about November 18, 2014, in the Superior Court of California, County of Los Angeles, Central District, Case No. BC564168, entitled *Vahagn Gevorgyan v. Infinity Select Insurance Company, an Indiana Corporation, et al.)*

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.).

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Objection. This Interrogatory is broad, burdensome, oppressive, compound, calls for a narrative, and seeks an expert opinion. Without waiving said objections, Responding Party states as follows: Tigran Gevorgyan, Responding Party's brother, was informed by employees of Studio Auto Body that Responding Party's 2003 Ferrari 360 Spider 2 Door Convertible, among numerous other vehicles at Studio Auto Body, were intentionally vandalized and damaged by disgruntled employees of Studio Auto Body in relation for not being paid by the former owner of Studio Auto Body.

**SPECIAL INTERROGATORY NO. 6:**

State all facts that support YOUR contention in paragraph 8 of YOUR COMPLAINT that "the Insured vehicle was intentionally vandalized by disgruntled employees of the Body Shop in retaliation for not being paid by their employer."

(The term "COMPLAINT" refers to the complaint YOU filed on or about November 18, 2014, in the Superior Court of California, County of Los Angeles, Central District, Case No. BC564168, entitled *Vahagn Gevorgyan v. Infinity Select Insurance Company, an Indiana Corporation, et al.)*

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

(The term "INFINITY" refers to Infinity Select Insurance Company, and anyone acting on its behalf, including claims handlers and attorneys.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Objection. This Interrogatory is duplicative of Special Interrogatory No. 5.

**SPECIAL INTERROGATORY NO. 7:**

State all facts that support YOUR claim for punitive damages against INFINITY.

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

(The term "INFINITY" refers to Infinity Select Insurance Company, and anyone acting on its behalf, including claims handlers and attorneys.).

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Objection. This Interrogatory is broad, burdensome, oppressive, compound, calls for a narrative, and seeks an expert opinion. Without waiving said objections, Responding Party incorporates the allegations in its operative Complaint.

**SPECIAL INTERROGATORY NO. 8:**

IDENTIFY all PERSONS in support of YOUR claim for punitive damages against INFINITY.

(The term "IDENTIFY" when used in reference to a natural person means to state that person's full name, present or last known residence address, and telephone number; when used in reference to a corporate entity, company, partnership, organization, or association means to state that entity's full name, business address and telephone number.)

(The term "PERSONS" refers to a natural person, corporation, association, organization, partnership, firm, business, trust, or public entity.)

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

(The term "INFINITY" refers to Infinity Select Insurance Company, and anyone acting on its behalf, including claims handlers and attorneys.)

///

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Objection. This Interrogatory is broad, burdensome, oppressive, compound, calls for a narrative, and seeks the disclosure of the identities of Responding Party's retained experts. Without waiving said objections, Responding Party states as follows: Responding Party, Tigran Gevorgyan, Propounding Party's adjusters and other employees.

**SPECIAL INTERROGATORY NO. 9:**

State all facts that support YOUR contention in paragraph 35 of YOUR COMPLAINT that plaintiff has suffered "emotional distress, mental suffering, and anxiety."

(The term "COMPLAINT" refers to the complaint YOU filed on or about November 18, 2014, in the Superior Court of California, County of Los Angeles, Central District, Case No. BC564168, entitled *Vahagn Gevorgyan v. Infinity Select Insurance Company, an Indiana Corporation, et al.)*

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.).

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Objection. This Interrogatory is broad, burdensome, oppressive, compound, and calls for a narrative. Without waiving said objections, Responding Party states as follows: Defendant Infinity's handling of Responding Party's claim, as alleged in the operative Complaint, has caused Responding Party emotional distress and mental suffering in the form of anxiety, frustration, irritation, and anger.

**SPECIAL INTERROGATORY NO. 10:**

IDENTIFY all PERSONS with knowledge of any fact that supports YOUR contention in paragraph 35 of YOUR COMPLAINT that plaintiff has suffered "emotional distress, mental suffering, and anxiety."

(The term "IDENTIFY" when used in reference to a natural person means to state that person's full name, present or last known residence address, and telephone number; when used in reference to a corporate entity, company, partnership, organization, or association means to state that entity's full name, business address and telephone number.)

(The term "PERSONS" refers to a natural person, corporation, association, organization, partnership, firm, business, trust, or public entity.)

(The term "COMPLAINT" refers to the complaint YOU filed on or about November 18, 2014, in the Superior Court of California, County of Los Angeles, Central District, Case No. BC564168, entitled *Vahagn Gevorgyan v. Infinity Select Insurance Company, an Indiana Corporation, et al.)*

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

Objection. This Interrogatory is broad, burdensome, oppressive, compound, and calls for a narrative. Without waiving said objections, Responding Party states as follows: Responding Party, Tigran Gevorgyan, Propounding Party's adjusters and other employees.

**SPECIAL INTERROGATORY NO. 11:**

IDENTIFY all health care providers, including but not limited to treating physicians, psychiatrists, psychologists, social workers, nurses, and counselors, who provided any medical diagnosis, treatment or care to YOU for any "emotional distress, mental suffering, and anxiety" YOU allege in paragraph 35 of the Complaint.

(The term "IDENTIFY" when used in reference to a natural person means to state that person's full name, present or last known residence address, and telephone number; when used in reference to a corporate entity, company, partnership, organization, or association means to state that entity's full name, business address and telephone number.)

(The term "PERSONS" refers to a natural person, corporation, association, organization, partnership, firm, business, trust, or public entity.)

(The term "COMPLAINT" refers to the complaint YOU filed on or about November 18, 2014, in the Superior Court of California, County of Los Angeles, Central District, Case No. BC564168, entitled *Vahagn Gevorgyan v. Infinity Select Insurance Company, an Indiana Corporation, et al.)*

///

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

None.

**SPECIAL INTERROGATORY NO. 12:**

State the amount of actual damages, incidental and consequential damages, compensatory damages, and other damages YOU suffered as a result of INFINITY'S alleged improper handling of YOUR CLAIM.

(The term "CLAIM" refers to the insurance claim YOU made to Infinity (later separated into claim nos. 20002087686, 200021431173, 200002143162, and 20000243148), for substandard repairs and alleged property damage to YOUR 2003 Ferrari 360 while in the possession of Studio Auto Body on or about 09/12/2013 reported to Infinity on or about 11/13/2013.)

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

Objection. This Interrogatory is broad, burdensome, oppressive, compound, calls for a narrative, and seeks an expert opinion. Without waiving said objections, Responding Party states as follows:

Actual damages for repairs to 2003 Ferrari 360 Spider 2 Door Convertible in the amount of at least $28,325.58. This does not take into account the fact that the vehicle has not been driven or otherwise operated since late 2013 and that it may therefore require extensive internal tune-ups, service, and repairs prior to being driven again.

Loss of Use and Enjoyment: Reasonable rental value of 2003 Ferrari 360 Spider 2 Door Convertible from date of loss to present.

Storage Fees for 2003 Ferrari 360 Spider 2 Door Convertible from date of loss to present.

Emotional distress caused by Defendant Infinity's delay and mishandling of Responding Party's CLAIM, in an amount to be proven at trial.

Attorneys' fees and costs in the amount of approximately $10,000.00.

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

Punitive damages for Defendant Infinity's conscious disregard of Plaintiff's rights.

**SPECIAL INTERROGATORY NO. 13:**

If YOU contend that YOU are entitled to recover attorney's fees under *Brandt v. Superior Court*, 37 Cal.3d 813 (1985), state the total amount of attorney's fees YOU have incurred to date to recover policy benefits.

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

Approximately $10,000.00.

**SPECIAL INTERROGATORY NO. 14:**

If YOU contend that YOU are entitled to recover attorney's fees under Brandt v. Superior Court, 37 Cal.3d 813 (1985) in this case, state the total amount of attorneys' fees that YOU are seeking.

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

Approximately $10,000.00 as of today.

**SPECIAL INTERROGATORY NO. 15:**

IDENTIFY each PERSON who worked on YOUR VEHICLE at the repair shop where YOU contend the VEHICLE was damaged.

(The term "IDENTIFY" when used in reference to a natural person means to state that person's full name, present or last known residence address, and telephone number; when used in reference to a corporate entity, company, partnership, organization, or association means to state that entity's full name, business address and telephone number.)

(The term "PERSONS" refers to a natural person, corporation, association, organization, partnership, firm, business, trust, or public entity.)

(The term "VEHICLE" refers to YOUR 2003 Ferrari 360, Vin#: ZFFYT53A930134118.)

///

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

Responding Party does not recall the names of the employees at Studio Auto Body. Responding Party's brother, Tigran Gevorgyan, remembers the name of the former owner of Studio Auto Body as "Robert."

**SPECIAL INTERROGATORY NO. 16:**

IDENTIFY all repair shops or facilities which have done maintenance or repair on YOUR VEHICLE from the date of YOUR purchase through the date YOU reported YOUR CLAIM to INFINITY.

(The term "IDENTIFY" when used in reference to a natural person means to state that person's full name, present or last known residence address, and telephone number; when used in reference to a corporate entity, company, partnership, organization, or association means to state that entity's full name, business address and telephone number.)

(The term "CLAIM" refers to the insurance claim YOU made to Infinity (later separated into claim nos. 20002087686, 200021431173, 200002143162, and 20000243148), for substandard repairs and alleged property damage to YOUR 2003 Ferrari 360 while in the possession of Studio Auto Body on or about 09/12/2013 reported to Infinity on or about 11/13/2013.)

(The term "VEHICLE" refers to YOUR 2003 Ferrari 360, Vin#: ZFFYT53A930134118.)

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

Blackhorse Motor Sports, Inc., 1701 S. La Cienega Blvd., Los Angeles, CA 90035, 310-815-1957; Franco's European, 14336 Oxnard Street, Van Nuys, CA 91401, 818-994-5656.

**SPECIAL INTERROGATORY NO. 17:**

State the number of miles YOUR VEHICLE has been driven, per year, for each year YOU have owned the VEHICLE (from date of purchase through 2014).

///

(The term "VEHICLE" refers to YOUR 2003 Ferrari 360, Vin#: ZFFYT53A930134118.)

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

Approximately 7,000 miles per year since Responding Party purchased the VEHICLE.

DATED: April 1, 2015 LAW OFFICES OF MHER ASATRYAN

By: 
Mher Asatryan, Esq.
Attorney for Plaintiff
Vahagn Gevorgyan

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

# <u>VERIFICATION</u>

Vahagn Gevorgyan v. Infinity Select Insurance Company
(LASC Case No. BC 564168)

1. I am the Plaintiff in the above-captioned case. I have read and reviewed the Special Interrogatories (Set One) propounded to me by Defendant Infinity Select Insurance Company as well as the Responses to the Special Interrogatories (Set One).

2. I am familiar with the contents of both. I have authorized the preparation of the responses by my attorney, and I have provided my attorney with assistance such that the contents of the above are based on my knowledge, information, and belief. The responses are true and correct, as of the present state of my knowledge and recollection.

I declare under penalty of perjury under the laws of the State of California that the foregoing responses are true and correct.

Executed this 1st day of April, 2015 at Van Nuys, California.

Vahagn Gevorgyan

**CERTIFICATE OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, LILIT VASILYAN, declare as follows:

I am over the age of 18 years and am employed in the County of Los Angeles, State of California. I am not a party to this action. My business address is 14545 Victory Blvd., Suite 506, Van Nuys, CA 91411.

On April 2, 2015, I served the foregoing document(s) described as: **PLAINTIFF VAHAGN GEVORGYAN'S RESPONSE TO DEFENDANT INFINITY SELECT INSURANCE COMPANY'S SPECIAL INTERROGATORIES (SET ONE)** in the manner indicated below:

__x__ (By Mail) I placed a true copy thereof in a sealed envelope, and caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Van Nuys, California, addressed as follows:

Peter H. Klee, Esq.
John D. Edson, Esq.
SHEPPARD, MULLIN,
RICHTER & HAMPTON LLP
501 West Broadway, 19th Floor
San Diego, California 92101

_____ (By Personal Service) I placed a true copy thereof in a sealed envelope and caused such envelope to be delivered by hand to the office of the addresses(s).

_____ (By Overnight Mail) I placed a true copy thereof in a sealed envelope, and caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Van Nuys, California.

_____ (By Facsimile)By facsimile to the address(es), at the telephone number(s) listed on the attached service list.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 2, 2015, at Van Nuys, California.

LILIT VASILYAN

# Exhibit F

SheppardMullin

Sheppard Mullin Richter & Hampton LLP
501 West Broadway, 19th Floor
San Diego, CA 92101-3598
619.338.6500 main
619.234.3815 main fax
www.sheppardmullin.com

619.338.6616 direct
JEdson@sheppardmullin.com

April 13, 2015

**VIA E-MAIL**

Mher Asatryan
Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, CA 91411
Email: mher@asatryanlaw.com

Re: Gevorgyan v. Infinity Select Insurance Company –
L.A. Superior Court Case No. BC564168
Infinity's Meet and Confer Letter

Dear Mher:

Please consider this Infinity's meet and confer letter regarding plaintiff Vahagn Gevorgyan's objections to Infinity's demand for production of documents (set one), his partial responses to Infinity's special interrogatories (set one) and his partial responses to Infinity's form interrogatories (set one).

**I. Plaintiff's Objections to Infinity's Document Demand (Set One)**

Plaintiff has only partially complied with Infinity's document demands. He has improperly objected and refused to produce documents in response to Document Nos. 1-6 and 21.

Discovery is a matter of right. Code Civ. Proc. §§ 2017.010, 2019.010. "California's pretrial discovery procedures are designed to minimize the opportunities for fabrication and forgetfulness and to eliminate the need for guesswork about the other side's evidence with all doubts about discoverability resolved in favor of disclosure." Glenfed Development Corp. v. Superior Court, 53 Cal. App. 4th 1113, 1119 (1997).

"The purpose of pretrial discovery is to obtain all of the facts relative to a claim or defense." Hernandez v. Superior Court (2003) 112 Cal. App. 4th 285, 301. For information to be discoverable, it need only be "possible that information in any particular subject area could be relevant or admissible at the time of trial." Maldonado v. Superior Court (2002) 94 Cal. App. 4th 1390, 1397. "Admissibility is *not* the test, and it is sufficient if the information sought might reasonably lead to other, admissible evidence." TBG Ins. Services Corp. v. Superior Court (2002) 96 Cal. App. 4th 443. (emphasis in original)

SheppardMullin



Where, as here, a party objects to discovery, "*the burden is on the responding party* to justify any objection or failure to fully answer the discovery." Coy v. Superior Court, 58 Cal. 2d 210, 220-21 (1962).

Plaintiff cannot meet his burden because the right of discovery is liberally interpreted in Infinity's favor: "For discovery purposes, information is relevant if it 'might reasonably assist a party in *evaluating* the case, *preparing* for trial, or *facilitating* settlement.'" Lipton v. Superior Court, 48 Cal. App. 4th 1599, 1611 (1996); See, e.g., Code Civ. Proc. § 2017.010 ("any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action"); Colonial Life & Acc. Ins. Co. v. Superior Court, 31 Cal. 3d 785, 790 (1982) (noting that courts liberally interpret the "relevance to subject matter" standard, as well as the related "reasonably calculated to lead to discovery of admissible evidence" standard, in favor of granting discovery); Pacific Tel. & Tel. Co. v. Superior Court, 2 Cal. 3d 161, 173 (1970) (same); Relevancy is thus determined by "potential, not actual, issues in the case." City of Los Angeles v. Superior Court (1973) 33 Cal. App. 3d 778.

Plaintiff has asserted three primary objections to the discovery requests which do not apply or relieve him of an obligation to either produce documents or a privilege log.

First, he has objected to the defined term "DOCUMENT" in these requests. Infinity has identified a document as any type of writing. This can include letters, memoranda, emails or text messages. Although plaintiff has objected to this term for these requests, he was able to produce documents for the other requests. As part of the meet and confer process, Infinity will clarify that the term includes letters, memoranda, emails or text messages.

Second, plaintiff has objected to requests where he believes that the request is already in the possession of Infinity. Yet, Infinity is entitled to ask him for *his copies* of correspondence allegedly exchanged during the claim. This is important for several reasons. First, Infinity is entitled to show that plaintiff in fact received documents sent from Infinity during the claim. This is relevant to his state of mind and other factors. Second, Infinity is entitled to look to see if any of the writings that he received from Infinity contained his handwritten notes or the notes of other individuals. He is a sophisticated insurance broker. Infinity is informed and believes that the documents will contain his comments. Third, his version of what he contends he or his lawyer sent Infinity may or may not match Infinity's files. If he has copies of emails or letters that Infinity never received, Infinity is entitled to know which correspondence he claims to have sent during the claim.

Third, plaintiff objected that the request may include allegedly privileged attorney-client work product communications. Infinity has no way to assess whether this is true or not. Plaintiff has not produced a privilege log to identify any allegedly privileged communications. Infinity agrees that there is no need for a privilege log for attorney-client documents generated after the filing of the lawsuit in this case. Yet, it is entitled to know which documents (if any) are being withheld under any particular privilege during the claim. Infinity is also entitled to see the privilege log to determine if plaintiff is billing for this work as part of his Brandt fee claim.

SheppardMullin



Even if there were any doubts about Infinity's right to its discovery, any doubts must be resolved in Infinity's favor: "Any doubt about discovery is to be resolved in favor of disclosure." Advanced Modular Sputtering, Inc. v. Superior Court (2005) 132 Cal. App. 4th 826, 837. "California's pretrial discovery procedures are designed to minimize the opportunities for fabrication and forgetfulness, and to eliminate the need for guesswork about the other side's evidence *with all doubts about discoverability resolved in favor of disclosure*." Glenfed Development Corp. v. Superior Court, (1997) 53 Cal. App. 4th 1113, 1119 (emphasis added). Thus, even an allegation of a broad "fishing expedition" does not make the discovery improper. See Greyhound Corp. v. Superior Court (1961) 56 Cal. 2d 355, 384.

The following is a listing of the specific requests where plaintiff has refused to answer or provide specific records. Due to a word processing error, three requests are not numbered properly. These improperly numbered requests are designated by their page number.

- **Demand for Production No. 1**

Infinity asked for copies of any communications between plaintiff and Infinity regarding the incident. For the reasons stated above, Infinity is entitled to see what records plaintiff has in his possession. If he received communications and failed to respond to them during the claim, Infinity is entitled to show that by demonstrating that he had copies of these letters in his possession.

- **Demand for Production No. 3**

Here, Infinity asked for copies of any communications between plaintiff and any other person other than Infinity regarding the incident. Plaintiff has asserted only two objections to support his refusal to produce any records. First, he contends that the term "all documents" is not stated with reasonable particularity under CCP § 2031.030(e)(1). Infinity disputes this. As stated above, the term includes any letters, emails, text messages or memoranda. Second, plaintiff has objected under the attorney-client and work product privileges. Yet, plaintiff has failed to produce a privilege log to identify the withheld communications.

Based upon plaintiff's selective refusal to respond to this demand for production, Infinity is informed and believes that plaintiff is concealing communications between himself and his brother regarding the alleged incident. Plaintiff must produce these responsive communications and any other non-privileged communications with others regarding the incident immediately.

- **Demand for Production No. 5**

Infinity asked for all records that supported plaintiff's demand for payment under the policy. Plaintiff contends that the records are equally available to Infinity. He claims they include all correspondence from his counsel to Infinity prior to the lawsuit. Yet, Infinity is entitled to receive copies of the letters that he contends are responsive. Infinity is entitled to verify that its file matches plaintiff's file. Infinity is entitled to avoid surprises as to which documents plaintiff contends support his damage or bad faith allegations.

- **<u>Demand for Production No. 6</u>**

Infinity asked for all copies of all documents that reflect or relate to his policy. Plaintiff refused to produce his copy of the policy because it originated with Infinity. Yet, plaintiff is a sophisticated insurance broker. Infinity is informed and believes that his copy of the policy will contain his markup regarding his thoughts and concerns regarding coverage under the policy. Infinity is entitled to receive his copy of the policy with his notes. Moreover, Infinity is entitled to demonstrate that he had all of the policy in his possession at the time of the claim and knew of its provisions.

- **<u>Demand for Production No. 4 (Page 6)</u>**

Infinity asked for all documents that support his claim that Infinity breached its insurance contract with plaintiff. Plaintiff objected that the request is ambiguous because it did not identify the "insurance contract" at issue. Plaintiff, however, has sued for an alleged breach of his insurance contract. He is also a sophisticated insured who sells insurance. Thus, his objection is absurd.

Plaintiff further contends that the request seeks documents that are already in Infinity's possession. Yet, Infinity is entitled to know which documents plaintiff received from Infinity. Plaintiff is also entitled to review his copies of the documents to see what any notes or concerns that he had at the time of the claim. Infinity is also entitled to avoid surprises to learn if he claims that he sent communications to Infinity that it never received during the claim.

- **<u>Demand for Production No. 5 (Page 6)</u>**

This demand requested copies of all documents that support plaintiff's contention that Infinity breached an implied covenant of good faith and fair dealing during the claim. Again, plaintiff alleges that the documents at issue are equally available to Infinity. Yet, Infinity is entitled to avoid surprises as to the documents that plaintiff plans to place at issue in this lawsuit. It is also entitled to receive his copies of the documents in his possession. Infinity is also entitled to know if he made notes on any of the claim correspondence or his copy of the policy. Infinity is further entitled to avoid surprises to learn if there are any emails or correspondence that he contends were sent to Infinity that were never in fact received.

- **<u>Demand for Production No. 6 (Page 7)</u>**

This request seeks all documents that plaintiff contends support the allegations in his complaint. Plaintiff alleges that the request is improper. Yet, Infinity is entitled to know what records support his contentions. The fact that plaintiff has refused to provide the records that support his allegations suggest that he is seeking to conceal something that he would later seek to surprise Infinity with at the time of trial.

- **Demand for Production No. 21**

Demand for Production No. 21 seeks copies of all documents that plaintiff provided to Infinity in support of his valuation of the claim. Plaintiff contends that he is not obligated to produce records because he contends that these records are already in Infinity's possession. Yet, Infinity is entitled to see his copies of these documents to see if he made any notes on them. Furthermore, Infinity is entitled to avoid surprises to make sure that his copies of these letters match Infinity's claim file.

**II. Plaintiff's Special Interrogatory Responses**

Plaintiff has also failed to provide proper responses to a number of special interrogatories.

- **Special Interrogatory No. 1**

Special Interrogatory No. 1 requested that plaintiff identify all facts that support his breach of contract allegation. Plaintiff contends that the request is ambiguous because the contract itself is not identified. Yet, plaintiff is suing for breach of contract. Thus, his objection is meritless. Plaintiff further claims that he can make a vague reference to incorporating the allegations in the operative complaint. Yet, Infinity is entitled to know which allegations he is referencing. Some allegations are legal theories advanced by his counsel for which he will not have personal knowledge. Other allegations may exist for other causes of action. If plaintiff wishes to copy the relevant allegations in the Complaint for which he has personal knowledge in an amended special interrogatory response, Infinity will accept that. Yet, he cannot incorporate another document by reference in this manner.

Interrogatories propounded under CCP § 2030 are meant to "provide an effective means of detecting false, fraudulent, and sham claims...which might otherwise be hidden behind evasive language in an adept pleading...[and to]...enable counsel to evaluate the reasonable value of claims and defenses thereby encouraging prompt settlements...by providing a means of securing evidence and evidentiary leads." Deyo v. Kilbourne, 84 Cal. App. 3d 771, 779 (1978).

If plaintiff has evidence which supports his contention that Infinity breached the insurance contract, Infinity is entitled to know which specific facts are within his personal knowledge. See Sheets Superior Court, 257 Cal. App. 2d 1, 8 (1967) ("There is no doubt that a defendant is entitled to discover by appropriate interrogatories the facts, if any, presently known to the plaintiff upon which he bases the allegations of his complaint and upon which he presently relies to prove his case."); Rifkin v. Superior Court, 22 Cal. App. 4th 1255, 1258-60 (1994) (holding that it was improper to request a deponent to identify all facts, witnesses and documents which supported the assertion of an affirmative defense, because "[t]he information is clearly discoverable when sought by interrogatory"); Singer v. Superior Court, 54 Cal. 2d 318, 323 (1960) (same); Burke v. Superior Court, 71 Cal. 2d 276, 281-82 (1969) ("Accordingly, a defendant in California courts may be required through discovery to disclose not only the evidentiary facts underlying his affirmative defenses..., but also whether or not he makes a

SheppardMullin



particular contention, either as to the facts or as to the possible issues in the case. A plaintiff, of course, is subject to analogous requirements.")

- **Special Interrogatory No. 3**

This request asked that plaintiff identify all the facts that support his breach of the implied covenant of good faith and fair dealing claim against Infinity. Again, plaintiff improperly makes a vague reference to the allegations in the Complaint. Infinity is entitled to know which specific factual allegations in the Complaint plaintiff contends support his bad faith allegation. If plaintiff wishes to copy the pertinent allegations in an amended response for which he has personal knowledge, that will be acceptable to Infinity. Infinity is not entitled to guess which allegations plaintiff is referencing.

- **Special Interrogatory No. 6**

Special Interrogatory No. 6 requests that plaintiff identify the facts that support his claim for punitive damages. Plaintiff again makes vague references to the operative complaint. Yet, Infinity is entitled to know which specific facts he contends support his claim for punitive damages. If he contends that they are the exact same facts that support his claim for bad faith, Infinity is entitled to know that. Plaintiff can then amend his response to copy and paste the exact allegations that he attempts to place at issue in an amended response. Yet, his vague references to another document in this context are improper.

- **Special Interrogatory No. 12**

This interrogatory asks that plaintiff state the actual damages, including incidental and consequential, compensatory and other forms of damages that he claims to have suffered. Plaintiff identified various categories of damages without identifying any specific amounts. These include "loss of use and enjoyment," "storage fees," "emotional distress" and "punitive damages." Infinity is entitled to know the specific amounts plaintiff is seeking in an amended discovery response.

## III. Plaintiff's Form Interrogatory Responses

Plaintiff has also refused to reveal background information about himself in response to basic and standard form interrogatories.

- **Form Interrogatory Nos. 2.3-4**

Plaintiff has refused to answer questions about his driver's license. He contends that he is not obligated to answer this because the underlying action does not involve a bad faith claim. Yet, Infinity is entitled to an answer to conduct a full background check. It would be proper for Infinity to ask this question in a deposition. There is nothing that makes it improper simply because it is asked in a form interrogatory.

SheppardMullin



- **<u>Form Interrogatory Nos. 3.6-7</u>**

Form Interrogatories 3.6 and 3.7 asked plaintiff if he has done business under any other names in the last 10 years. These interrogatories also asked about any public entities that have registered or issued licenses to plaintiff in the past. Plaintiff has refused to answer these questions. Again, Infinity would be entitled to ask this these questions at a deposition. It is entitled to know about plaintiff's business background. Plaintiff is a sophisticated insured who sells insurance. Infinity is entitled to know what other business names he has used in the past to conduct a full and extensive background search.

- **<u>Form Interrogatory No. 9.1</u>**

This interrogatory asked for plaintiff to break down the nature and amount of each type of damage asserted regarding the handling of his claim. He has identified a number of categories of damages including "loss of use and enjoyment," "storage fees," attorney's fees and "punitive damages." Yet, he has not provided amounts claimed for any of these types of damages. Thus, his answer is nonresponsive.

Please provide amended responses immediately. If plaintiff needs time to provide amended, responses, Infinity will agree to this time provided he tolls Infinity's deadline to move to compel.

Very truly yours,

John D. Edson
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:436962161.1

# Exhibit G

Mher Asatryan, Esq., SBN: 279125
LAW OFFICES OF MHER ASATRYAN
14545 Victory Blvd., Suite 506
Van Nuys, CA 91411
Tel. (818) 781-0179; Fax (818) 538-5179
Email: mher@asatryanlaw.com

Attorney for Plaintiff, Vahagn Gevorgyan

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – UNLIMITED JURISDICTION

CENTRAL DISTRICT – STANLEY MOSK COURTHOUSE

| | |
|---|---|
| VAHAGN GEVORGYAN,<br><br>Plaintiff,<br><br>vs.<br><br>INFINITY SELECT INSURANCE COMPANY, an Indiana corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: BC564168<br><br>[Assigned to Judge John L. Segal, Dept. 50]<br><br>**PLAINTIFF VAHAGN GEVORGYAN'S SUPPLEMENTAL RESPONSE TO DEFENDANT INFINITY SELECT INSURANCE COMPANY'S SPECIAL INTERROGATORIES (SET ONE)**<br><br>Complaint Filed: November 18, 2014<br>Trial Date: February 8, 2016 |

**PROPOUNDING PARTY: Defendant, INFINITY SELECT INSURANCE COMPANY**

**RESPONDING PARTY: Plaintiff, VAHAGN GEVORGYAN**

**SET NO.: ONE (1)**

---

**<u>PRELIMINARY STATEMENT</u>**

Plaintiff Vahagn Gevorgyan (hereinafter "Responding Party") has not fully completed discovery in this action. All of the responses contained herein are based only upon such information presently available to and specifically known by Responding Party. Further discovery, independent investigation, legal research, and analysis may supply additional facts, add meaning to known facts, and establish new factual conclusions and legal theories that may result in changes to

and variations from the contentions herein set forth. The following responses are given without prejudice to the responding party's right to produce, at the time of trial, subsequently discovered evidence relating to the proof of facts subsequently discovered to be material.

Except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that any request herein has been answered shall not be taken as an admission or concession of the existence of any facts set forth or assumed by such a question, or that such a response constitutes evidence of any facts thus set forth or assumed. All responses must be construed as given on the basis of present recollection.

**GENERAL OBJECTIONS**

Any Interrogatory deemed as continuing is objected to as oppressive, overly burdensome, improper and not in compliance with Code of Civil Procedure section 2030.060(g) and will not be regarded as continuing in nature.

These responses are made solely for the purpose of, and in relation to, this action. Each response given is subject to all appropriate objections including, but not limited to, objections concerning competency, relevancy, materiality, propriety, attorney-client privilege, work-product doctrine and admissibility which would require the exclusion of any evidence herein if the evidence were offered at trial. All such objections and grounds are therefore reserved and may be interposed at the time of trial.

**SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORIES**

**SPECIAL INTERROGATORY NO. 1:**

State all facts that support YOUR contention that INFINITY breached its insurance contract with YOU.

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

(The term "INFINITY" refers to Infinity Select Insurance Company, and anyone acting on its behalf, including claims handlers and attorneys.)

///

///

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

**SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Objection. This Interrogatory is broad, burdensome, oppressive, compound, calls for a narrative, and seeks an expert opinion. Furthermore, this Interrogatory is undefined and ambiguous because it does not define which "insurance contract" it is referencing. Without waiving said objections, Responding Party incorporates the allegations in the operative Complaint and further adds as follows:

Sometime in September, 2013, Responding Party's brother, Tigran Gevorgyan, took Responding Party's 2003 Ferrari 360 to Studio Auto Body for minor repairs which were: (1) tape residue on the rear latch; (2) scratches under the front bumper; and (3) a small dent on the driver side door. Responding Party's brother was to pay out-of-pocket for these minor repairs. When Responding Party's brother went to pick up the 2003 Ferrari 360 approximately two months later, the vehicle had the following damages: (1) the convertible top was torn and would not open or close properly; (2) there was paint and a wax compound on the entire surface of the vehicle, which had been left on the vehicle for an extended period of time while the vehicle was under the sun; (3) the dashboard had been damaged by prolonged exposure to the sun; and (4) the minor damages for which Responding Party's brother originally took the vehicle to the shop had been made substantially worse. Prior to picking up the vehicle sometime in November, 2013, neither Responding Party nor his brother had any knowledge that the vehicle had been damaged in such a way at Studio Auto Body.

After picking up the vehicle and observing the damages, a claim was filed with INFINITY under Responding Party's policy ("insurance contract"). Soon after filing the claim, Responding Party's brother learned from an employee of Studio Auto Body that the 2003 Ferrari 360 had been intentionally damaged by shop employees as retribution for Studio Auto Body's failure to pay their employees. This information was communicated to INFINITY. The insurance contract covers the following loss: "Malicious mischief or vandalism."

Early on in the claims process, Responding Party communicated to INFINITY that, if INFINITY was deciding not to cover the claim for any reason, they should send a declination letter as soon as possible so that Responding Party could take the vehicle to a different shop and weigh

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

his options. INFINITY did not communicate a denial of the claim until April 18, 2014, approximately five months after the claim was reported. Moreover, INFINITY consistently misrepresented the nature of Responding Party's claim and confused the original minor damages for which the vehicle was taken to Studio Auto Body with the subsequent major damages for which Responding Party sought coverage under the insurance contract.

During the claims process, INFINITY separated the original claim reported into four separate claims, which allowed INFINITY to apply the $1,000.00 deductible to each area of damage as opposed to a combined amount for the damages. Moreover, INFINITY's appraisers reported on their estimates that there was prior damage to the 2003 Ferrari 360 without any evidence of any prior damage other than the minor damages for which the vehicle was taken to Studio Auto Body. INFINITY's adjusters also focused on prior insurance claims for the 2003 Ferrari 360 without taking into account the fact that the vehicle was completely repaired after each prior loss. For example, INFINITY's preliminary estimates and adjusters applied a 70% betterment to the convertible top of the 2003 Ferrari 360 without any explanation, despite statements by Responding Party and his brother that the convertible top was in perfect condition prior to the vehicle being taken to Studio Auto Body.

Moreover, during the claims process, INFINITY misrepresented the values of the repairs to the 2003 Ferrari 360. For example, in the preliminary estimate attached to INFINITY's May 20, 2014 correspondence, the convertible top is valued at $2,499.00 per a price reference to "German Auto Tops." A quick search reveals that German Auto Tops is a company which creates aftermarket convertible tops for various vehicles. The estimates provided by Responding Party place the value of the top by the original equipment manufacturer at $12,175.36. Interestingly, the preliminary estimate attached to INFINITY's June 27, 2014 payment check values the cost to replace the convertible top at $15,175.36 plus tax. However, INFINITY still applied the 70% betterment for the condition of the convertible top, without any explanation or reason to do so. INFINITY's correspondences, such as its August 15, 2014 letter, indicate that "there was substantial prior damage to the 2003 Ferrari and we have received no confirmation that the Ferrari was repaired prior to the date of loss reported." INFINITY completely ignored the fact that the

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

2003 Ferrari 360 was repaired after each prior loss, as evidenced by the same insurance payments referenced in INFINITY's responses to Plaintiff's Special Interrogatories (Set One). Moreover, when INFINITY undertook to insure the 2003 Ferrari 360, it knew or should have known that the vehicle was free of damage and was in excellent condition, as evidenced by the photographs provided to INFINITY along with the insurance application.

INFINITY has also violated numerous California Department of Insurance guidelines in the handling of this claim, which are within the knowledge of Responding Party's experts and attorneys.

Due to INFINITY's initial denial and subsequent underpayments on this claim, Responding Party was forced to hire and pay an attorney in order to recover the policy benefits due to Responding Party under the insurance contract. Prior to initiating this lawsuit, Responding Party gave INFINITY numerous opportunities to settle this matter amicably and even offered to accept an amount that was far less than the damages Responding Party has suffered. However, Responding Party's efforts were in vain.

Responding Party also states that his brother, Tigran Gevorgyan, has more factual knowledge regarding this claim and will be able to provide more detailed facts about the specifics of this claim.

Discovery is ongoing and Responding Party reserves the right to amend or supplement this Response.

**SPECIAL INTERROGATORY NO. 3:**

State all facts that support YOUR contention that INFINITY breached the implied covenant of good faith and fair dealing in the handling of YOUR CLAIM.

(The term "CLAIM" refers to the insurance claim YOU made to Infinity (later separated into claim nos. 20002087686, 200021431173, 200002143162, and 20000243148), for substandard repairs and alleged property damage to YOUR 2003 Ferrari 360 while in the possession of Studio Auto Body on or about 09/12/2013 reported to Infinity on or about 11/13/2013.)

///

///

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

**SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Objection. This Interrogatory is broad, burdensome, oppressive, compound, calls for a narrative, and seeks an expert opinion. Without waiving said objections, Responding Party incorporates the allegations in the operative Complaint and further adds as follows:

Sometime in September, 2013, Responding Party's brother, Tigran Gevorgyan, took Responding Party's 2003 Ferrari 360 to Studio Auto Body for minor repairs which were: (1) tape residue on the rear latch; (2) scratches under the front bumper; and (3) a small dent on the driver side door. Responding Party's brother was to pay out-of-pocket for these minor repairs. When Responding Party's brother went to pick up the 2003 Ferrari 360 approximately two months later, the vehicle had the following damages: (1) the convertible top was torn and would not open or close properly; (2) there was paint and a wax compound on the entire surface of the vehicle, which had been left on the vehicle for an extended period of time while the vehicle was under the sun; (3) the dashboard had been damaged by prolonged exposure to the sun; and (4) the minor damages for which Responding Party's brother originally took the vehicle to the shop had been made substantially worse. Prior to picking up the vehicle sometime in November, 2013, neither Responding Party nor his brother had any knowledge that the vehicle had been damaged in such a way at Studio Auto Body.

After picking up the vehicle and observing the damages, a claim was filed with INFINITY under Responding Party's policy ("insurance contract"). Soon after filing the claim, Responding Party's brother learned from an employee of Studio Auto Body that the 2003 Ferrari 360 had been intentionally damaged by shop employees as retribution for Studio Auto Body's failure to pay their employees. This information was communicated to INFINITY. The insurance contract covers the following loss: "Malicious mischief or vandalism."

Early on in the claims process, Responding Party communicated to INFINITY that, if INFINITY was deciding not to cover the claim for any reason, they should send a declination letter as soon as possible so that Responding Party could take the vehicle to a different shop and weigh his options. INFINITY did not communicate a denial of the claim until April 18, 2014, approximately five months after the claim was reported. Moreover, INFINITY consistently

misrepresented the nature of Responding Party's claim and confused the original minor damages for which the vehicle was taken to Studio Auto Body with the subsequent major damages for which Responding Party sought coverage under the insurance contract.

During the claims process, INFINITY separated the original claim reported into four separate claims, which allowed INFINITY to apply the $1,000.00 deductible to each area of damage as opposed to a combined amount for the damages. Moreover, INFINITY's appraisers reported on their estimates that there was prior damage to the 2003 Ferrari 360 without any evidence of any prior damage other than the minor damages for which the vehicle was taken to Studio Auto Body. INFINITY's adjusters also focused on prior insurance claims for the 2003 Ferrari 360 without taking into account the fact that the vehicle was completely repaired after each prior loss. For example, INFINITY's preliminary estimates and adjusters applied a 70% betterment to the convertible top of the 2003 Ferrari 360 without any explanation, despite statements by Responding Party and his brother that the convertible top was in perfect condition prior to the vehicle being taken to Studio Auto Body.

Moreover, during the claims process, INFINITY misrepresented the values of the repairs to the 2003 Ferrari 360. For example, in the preliminary estimate attached to INFINITY's May 20, 2014 correspondence, the convertible top is valued at $2,499.00 per a price reference to "German Auto Tops." A quick search reveals that German Auto Tops is a company which creates aftermarket convertible tops for various vehicles. The estimates provided by Responding Party place the value of the top by the original equipment manufacturer at $12,175.36. Interestingly, the preliminary estimate attached to INFINITY's June 27, 2014 payment check values the cost to replace the convertible top at $15,175.36 plus tax. However, INFINITY still applied the 70% betterment for the condition of the convertible top, without any explanation or reason to do so. INFINITY's correspondences, such as its August 15, 2014 letter, indicate that "there was substantial prior damage to the 2003 Ferrari and we have received no confirmation that the Ferrari was repaired prior to the date of loss reported." INFINITY completely ignored the fact that the 2003 Ferrari 360 was repaired after each prior loss, as evidenced by the same insurance payments referenced in INFINITY's responses to Plaintiff's Special Interrogatories (Set One). Moreover,

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

when INFINITY undertook to insure the 2003 Ferrari 360, it knew or should have known that the vehicle was free of damage and was in excellent condition, as evidenced by the photographs provided to INFINITY along with the insurance application.

INFINITY has also violated numerous California Department of Insurance guidelines in the handling of this claim, which are within the knowledge of Responding Party's experts and attorneys.

Due to INFINITY's initial denial and subsequent underpayments on this claim, Responding Party was forced to hire and pay an attorney in order to recover the policy benefits due to Responding Party under the insurance contract. Prior to initiating this lawsuit, Responding Party gave INFINITY numerous opportunities to settle this matter amicably and even offered to accept an amount that was far less than the damages Responding Party has suffered. However, Responding Party's efforts were in vain.

Responding Party also states that his brother, Tigran Gevorgyan, has more factual knowledge regarding this claim and will be able to provide more detailed facts about the specifics of this claim.

Discovery is ongoing and Responding Party reserves the right to amend or supplement this Response.

**SPECIAL INTERROGATORY NO. 7:**

State all facts that support YOUR claim for punitive damages against INFINITY.

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

(The term "INFINITY" refers to Infinity Select Insurance Company, and anyone acting on its behalf, including claims handlers and attorneys.).

**SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Objection. This Interrogatory is broad, burdensome, oppressive, compound, calls for a narrative, and seeks an expert opinion. Responding Party further objects on the grounds that Propounding Party's Meet and Confer letter misclassifies this Interrogatory as "Special Interrogatory No. 6." However, Responding Party assumes that Propounding Party intended to

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

refer to Special Interrogatory No. 7 in its Meet and Confer letter and responds accordingly. Without waiving said objections, Responding Party incorporates the allegations in the operative Complaint and further adds as follows:

Sometime in September, 2013, Responding Party's brother, Tigran Gevorgyan, took Responding Party's 2003 Ferrari 360 to Studio Auto Body for minor repairs which were: (1) tape residue on the rear latch; (2) scratches under the front bumper; and (3) a small dent on the driver side door. Responding Party's brother was to pay out-of-pocket for these minor repairs. When Responding Party's brother went to pick up the 2003 Ferrari 360 approximately two months later, the vehicle had the following damages: (1) the convertible top was torn and would not open or close properly; (2) there was paint and a wax compound on the entire surface of the vehicle, which had been left on the vehicle for an extended period of time while the vehicle was under the sun; (3) the dashboard had been damaged by prolonged exposure to the sun; and (4) the minor damages for which Responding Party's brother originally took the vehicle to the shop had been made substantially worse. Prior to picking up the vehicle sometime in November, 2013, neither Responding Party nor his brother had any knowledge that the vehicle had been damaged in such a way at Studio Auto Body.

After picking up the vehicle and observing the damages, a claim was filed with INFINITY under Responding Party's policy ("insurance contract"). Soon after filing the claim, Responding Party's brother learned from an employee of Studio Auto Body that the 2003 Ferrari 360 had been intentionally damaged by shop employees as retribution for Studio Auto Body's failure to pay their employees. This information was communicated to INFINITY. The insurance contract covers the following loss: "Malicious mischief or vandalism."

Early on in the claims process, Responding Party communicated to INFINITY that, if INFINITY was deciding not to cover the claim for any reason, they should send a declination letter as soon as possible so that Responding Party could take the vehicle to a different shop and weigh his options. INFINITY did not communicate a denial of the claim until April 18, 2014, approximately five months after the claim was reported. Moreover, INFINITY consistently misrepresented the nature of Responding Party's claim and confused the original minor damages

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

for which the vehicle was taken to Studio Auto Body with the subsequent major damages for which Responding Party sought coverage under the insurance contract.

During the claims process, INFINITY separated the original claim reported into four separate claims, which allowed INFINITY to apply the $1,000.00 deductible to each area of damage as opposed to a combined amount for the damages. Moreover, INFINITY's appraisers reported on their estimates that there was prior damage to the 2003 Ferrari 360 without any evidence of any prior damage other than the minor damages for which the vehicle was taken to Studio Auto Body. INFINITY's adjusters also focused on prior insurance claims for the 2003 Ferrari 360 without taking into account the fact that the vehicle was completely repaired after each prior loss. For example, INFINITY's preliminary estimates and adjusters applied a 70% betterment to the convertible top of the 2003 Ferrari 360 without any explanation, despite statements by Responding Party and his brother that the convertible top was in perfect condition prior to the vehicle being taken to Studio Auto Body.

Moreover, during the claims process, INFINITY misrepresented the values of the repairs to the 2003 Ferrari 360. For example, in the preliminary estimate attached to INFINITY's May 20, 2014 correspondence, the convertible top is valued at $2,499.00 per a price reference to "German Auto Tops." A quick search reveals that German Auto Tops is a company which creates aftermarket convertible tops for various vehicles. The estimates provided by Responding Party place the value of the top by the original equipment manufacturer at $12,175.36. Interestingly, the preliminary estimate attached to INFINITY's June 27, 2014 payment check values the cost to replace the convertible top at $15,175.36 plus tax. However, INFINITY still applied the 70% betterment for the condition of the convertible top, without any explanation or reason to do so. INFINITY's correspondences, such as its August 15, 2014 letter, indicate that "there was substantial prior damage to the 2003 Ferrari and we have received no confirmation that the Ferrari was repaired prior to the date of loss reported." INFINITY completely ignored the fact that the 2003 Ferrari 360 was repaired after each prior loss, as evidenced by the same insurance payments referenced in INFINITY's responses to Plaintiff's Special Interrogatories (Set One). Moreover, when INFINITY undertook to insure the 2003 Ferrari 360, it knew or should have known that the

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

vehicle was free of damage and was in excellent condition, as evidenced by the photographs provided to INFINITY along with the insurance application.

INFINITY has also violated numerous California Department of Insurance guidelines in the handling of this claim, which are within the knowledge of Responding Party's experts and attorneys.

Due to INFINITY's initial denial and subsequent underpayments on this claim, Responding Party was forced to hire and pay an attorney in order to recover the policy benefits due to Responding Party under the insurance contract. Prior to initiating this lawsuit, Responding Party gave INFINITY numerous opportunities to settle this matter amicably and even offered to accept an amount that was far less than the damages Responding Party has suffered. However, Responding Party's efforts were in vain.

Responding Party also states that his brother, Tigran Gevorgyan, has more factual knowledge regarding this claim and will be able to provide more detailed facts about the specifics of this claim.

Discovery is ongoing and Responding Party reserves the right to amend or supplement this Response.

**SPECIAL INTERROGATORY NO. 12:**

State the amount of actual damages, incidental and consequential damages, compensatory damages, and other damages YOU suffered as a result of INFINITY'S alleged improper handling of YOUR CLAIM.

(The term "CLAIM" refers to the insurance claim YOU made to Infinity (later separated into claim nos. 20002087686, 200021431173, 200002143162, and 20000243148), for substandard repairs and alleged property damage to YOUR 2003 Ferrari 360 while in the possession of Studio Auto Body on or about 09/12/2013 reported to Infinity on or about 11/13/2013.)

(The terms "YOU" and "YOUR" refers to the responding party, Vahagn Gevorgyan, and anyone acting on his behalf including, but not limited to any attorneys.)

///

///

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

**SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

Objection. This Interrogatory is broad, burdensome, oppressive, compound, calls for a narrative, and seeks an expert opinion. Without waiving said objections, Responding Party states as follows:

Actual damages for repairs to 2003 Ferrari 360 Spider 2 Door Convertible in the amount of at least $28,325.58. This does not take into account the fact that the vehicle has not been driven or otherwise operated since late 2013 and that it may therefore require extensive internal tune-ups, service, and repairs prior to being driven again.

Loss of Use and Enjoyment: Reasonable rental value of 2003 Ferrari 360 Spider 2 Door Convertible from date of loss to present in the amount of $5,999.00 per month (approximately 19 months x $5,999.00 = $113,981.00) in addition to loss of enjoyment in an amount to be determined by the jury.

Storage Fees for 2003 Ferrari 360 Spider 2 Door Convertible in the amount of $24,045.00.

Emotional distress caused by Defendant Infinity's delay and mishandling of Responding Party's CLAIM, in an amount to be proven at trial.

Attorneys' fees and costs in the amount of approximately $13,435.65 through present.

Punitive damages for Defendant Infinity's conscious disregard of Plaintiff's rights in an amount of at least $500,000.00.

DATED: May 7, 2015

LAW OFFICES OF MHER ASATRYAN

By: ____________________
Mher Asatryan, Esq.
Attorney for Plaintiff
Vahagn Gevorgyan

# VERIFICATION

Vahagn Gevorgyan v. Infinity Select Insurance Company
(LASC Case No. BC 564168)

1. I am the Plaintiff in the above-captioned case. I have read and reviewed the Special Interrogatories (Set One) propounded to me by Defendant Infinity Select Insurance Company as well as my Supplemental Responses to the Special Interrogatories (Set One).

2. I am familiar with the contents of both. I have authorized the preparation of the responses by my attorney, and I have provided my attorney with assistance such that the contents of the above are based on my knowledge, information, and belief. The responses are true and correct, as of the present state of my knowledge and recollection.

I declare under penalty of perjury under the laws of the State of California that the foregoing responses are true and correct.

Executed this 7th day of May, 2015 at Van Nuys, California.

Vahagn Gevorgyan

**CERTIFICATE OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, LILIT VASILYAN, declare as follows:

I am over the age of 18 years and am employed in the County of Los Angeles, State of California. I am not a party to this action. My business address is 14545 Victory Blvd., Suite 506, Van Nuys, CA 91411.

On May 7, 2015, I served the foregoing document(s) described as: **PLAINTIFF VAHAGN GEVORGYAN'S SUPPLEMENTAL RESPONSE TO DEFENDANT INFINITY SELECT INSURANCE COMPANY'S SPECIAL INTERROGATORIES (SET ONE)** in the manner indicated below:

__x__ (By Mail) I placed a true copy thereof in a sealed envelope, and caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Van Nuys, California, addressed as follows:

Peter H. Klee, Esq.
John D. Edson, Esq.
SHEPPARD, MULLIN,
RICHTER & HAMPTON LLP
501 West Broadway, 19th Floor
San Diego, California 92101

_____ (By Personal Service) I placed a true copy thereof in a sealed envelope and caused such envelope to be delivered by hand to the office of the addresses(s).

_____ (By Overnight Mail) I placed a true copy thereof in a sealed envelope, and caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Van Nuys, California.

_____ (By Facsimile)By facsimile to the address(es), at the telephone number(s) listed on the attached service list.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 7, 2015, at Van Nuys, California.

[signature]
LILIT VASILYAN

# Exhibit H

Mher Asatryan, Esq., SBN: 279125
LAW OFFICES OF MHER ASATRYAN
14545 Victory Blvd., Suite 506
Van Nuys, CA 91411
Tel. (818) 781-0179; Fax (818) 538-5179
Email: mher@asatryanlaw.com

Attorney for Plaintiff, Vahagn Gevorgyan

Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – UNLIMITED JURISDICTION

CENTRAL DISTRICT – STANLEY MOSK COURTHOUSE

| | |
|---|---|
| VAHAGN GEVORGYAN,<br><br>Plaintiff,<br><br>vs.<br><br>INFINITY SELECT INSURANCE COMPANY, an Indiana corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: BC 564168<br><br>[Assigned to Hon. John L. Segal, Dept. 50]<br><br>**NOTICE OF CASE MANAGEMENT CONFERENCE**<br><br>Date: March 18, 2015<br>Time: 8:30 A.M.<br>Dept.: 50<br><br>Location: Stanley Mosk Courthouse<br>111 North Hill Street<br>Los Angeles, CA 90012 |

**PLEASE TAKE NOTICE** that the Case Management Conference in this matter has been scheduled to take place at the time and place listed above. A true and correct copy of the Court's Notice of Case Management Hearing is attached herein as Exhibit "A."

December 24, 2014 LAW OFFICES OF MHER ASATRYAN

By: [signature]
Mher Asatryan, Esq.,
Attorney for Plaintiff,
Vahagn Gevorgyan

**EXHIBIT "A"**

NOTICE SENT TO:

Law Offices of Mher Asatryan
14545 Victory Blvd., Ste. 506
Van Nuys CA 91411

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles
FILE STAMP

NOV 19 2014

Sherri R. Carter, Executive Officer/Clerk
By Gerald Mack, Deputy

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

VAHAGN GEVORGYAN
Plaintiff(s),

VS.

INFINITY SELECT INSURANCE COMPANY
Defendant(s).

CASE NUMBER

BC564168

## NOTICE OF CASE MANAGEMENT CONFERENCE

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for March 18, 2015 at 8:30 am in Dept. 50 at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedeure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: November 19, 2014

JOHN L. SEGAL
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[X] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: November 19, 2014

Sherri R. Carter, Executive Officer/Clerk

by GERALD MACK, Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

FILE STAMP
CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 19 2014

Sherri R. Carter, Executive Officer/Clerk
By Gerald Mack, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| | |
|---|---|
| **VAHAGN GEVORGYAN** PLAINTIFF(S) | CASE NUMBER **BC 564168** |
| VS | |
| **INFINITY SELECT INSURANCE COMPANY** DEFENDANT(S) | **ORDER TO SHOW CAUSE FOR FAILURE TO FILE PROOF OF SERVICE** |

**ORDER TO SHOW CAUSE**

Pursuant to Rules 3.110(b), 3.110(f), and 3.110(i) of the California Rules of Court, the case is set for an order to show cause why monetary sanctions should not be imposed or the case dismissed for failure to file proofs of service for all defendants. The hearing on the order to show cause will be March 18, 2015, 8:30 A.M., Department 50, Stanley Mosk Courthouse, 111 N. Hill Street L.A. CA, 90012.

Counsel for plaintiff or plaintiff in pro per is ordered to give notice of this order, the hearing on the order to show cause pursuant to Rule 3.110, and the initial case management conference stamped on the face of the complaint.

Dated November 19, 2014

JOHN L. SEGAL
JUDGE OF THE SUPERIOR COURT

**CERTIFICATE OF MAILING**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the OSC RE Failure to File proof of Service upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope for each address as shown below with the postage thereon fully prepaid.

Dated November 19, 2014

John A. Clarke, EXECUTIVE OFFICER

GERALD MACK
By G. Mack, Deputy Clerk

**ORDER TO SHOW CAUSE FOR FAILURE TO FILE PROOF OF SERVICE**

**CERTIFICATE OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, LILIT VASILYAN, declare as follows:

I am over the age of 18 years and am employed in the County of Los Angeles, State of California. I am not a party to this action. My business address is 14545 Victory Blvd., Suite 506, Van Nuys, CA 91411.

On December 24, 2014, I served the foregoing document(s) described as: **NOTICE OF CASE MANAGEMENT CONFERENCE** in the manner indicated below:

__x__ (By Mail) I placed a true copy thereof in a sealed envelope, and caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Van Nuys, California, addressed as follows:

Peter H. Klee, Esq.
John D. Edson, Esq.
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
501 West Broadway, 19th Floor
San Diego, CA 92101

*Attorney for Defendant, Infinity Select Insurance Company*

_____ (By Personal Service) I placed a true copy thereof in a sealed envelope and caused such envelope to be delivered by hand to the office of the addresses(s).

_____ (By Overnight Mail) I placed a true copy thereof in a sealed envelope, and caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Van Nuys, California.

_____ (By Facsimile)By facsimile to the address(es), at the telephone number(s) listed on the attached service list.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 24, 2014, at Van Nuys, California.

[signature]
LILIT VASILYAN

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>John D. Edson (State Bar No. 185709)<br>Sheppard Mullin Richter & Hampton LLP<br>501 West Broadway, 19th Floor<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 338-6616 FAX NO. *(Optional)*: (619) 515-4136<br>E-MAIL ADDRESS *(Optional)*: jedson@sheppardmullin.com<br>ATTORNEY FOR *(Name)*: Infinity Select Insurance Company | *FOR COURT USE ONLY* |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS: 111 North Hill Street<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Central | |
| PLAINTIFF/PETITIONER: Vahagn Gevorgyan<br>DEFENDANT/RESPONDENT: Infinity Select Insurance Company | |
| **CASE MANAGEMENT STATEMENT**<br>*(Check one)*: ☒ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | CASE NUMBER:<br>BC564168 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: March 18, 2015 Time: 8:30 a.m. Dept.: 50 Div.: Room:

Address of court *(if different from the address above)*:

☒ **Notice of Intent to Appear by Telephone, by *(name)*:** John D. Edson

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☒ This statement is submitted by party *(name)*: Infinity Select Insurance Company
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☒ complaint ☐ cross-complaint *(Describe, including causes of action)*:
   Complaint for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing (Insurance Bad Faith)





American LegalNet, Inc.
www.FormsWorkFlow.com

| PLAINTIFF/PETITIONER: Vahagn Gevorgyan<br>DEFENDANT/RESPONDENT: Infinity Select Insurance Company | CASE NUMBER:<br>BC564168 |
|---|---|

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Vahagn Gevorgyan owns a 2003 Ferrari 360. On November 13, 2013, his brother made a claim for allegedly improper repairs performed by a repair shop. To fall within the scope of coverage, Mr. Gevorgyan had the burden of establishing that his car was intentionally vandalized. Yet, even if he had met that burden, an exclusion precludes coverage for damage caused by a repair shop. For these and other reasons, Infinity contends that his loss is not covered.
☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* The repair shop is not longer in business. Infinity needs to find and depose the former employees. It also wishes to file an MSJ. It requests an March 2016 trial date.
c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☒ days *(specify number):* 7 court days
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. E-mail address:
f. Fax number:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b. **Referral to judicial arbitration or civil action mediation** (if available).
(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*


American LegalNet, Inc. www.FormsWorkFlow.com

| PLAINTIFF/PETITIONER: Vahagn Gevorgyan<br>DEFENDANT/RESPONDENT: Infinity Select Insurance Company | CASE NUMBER:<br>BC564168 |
|---|---|

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* (parties will mediate between lawyers without hiring an outside mediator) |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date)* :<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |



American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Vahagn Gevorgyan<br>DEFENDANT/RESPONDENT: Infinity Select Insurance Company | CASE NUMBER:<br>BC564168 |

11. **Insurance**
    a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
    b. Reservation of rights: ☐ Yes ☐ No
    c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

12. **Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☐ Bankruptcy ☐ Other *(specify)*:
    Status:

13. **Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
       (1) Name of case:
       (2) Name of court:
       (3) Case number:
       (4) Status:
    ☐ Additional cases are described in Attachment 13a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

14. **Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

15. **Other motions**
    ☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

16. **Discovery**
    a. ☐ The party or parties have completed all discovery.
    b ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Infinity Select Insurance Company | Written Discovery | Sep. 2015 |
| Infinity Select Insurance Company | Depositions | Oct. 2015 |
| Infinity Select Insurance Company | Motion for summary judgment hearing | Feb. 2016 |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:
   To address plaintiff's allegation that former employees in his repair shop intentionally damaged his car, Infinity needs to find and depose the former employees of this repair shop. This could take time.



American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: Vahagn Gevorgyan<br>DEFENDANT/RESPONDENT: Infinity Select Insurance Company | CASE NUMBER:<br>BC564168 |
|---|---|

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):* The lawyers for each party have meet and conferred. They agreed to work out any discovery disputes. They have also agreed to mediate after each side exchanges their discovery responses without hiring an outside mediator.

20. Total number of pages attached *(if any):* ________

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: March 3, 2015

John D. Edson
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY)

(TYPE OR PRINT NAME)

▶
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



American LegalNet, Inc.
www.FormsWorkFlow.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
PETER H. KLEE, Cal. Bar No. 111707
JOHN D. EDSON, Cal. Bar No. 185709
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone: 619.338.6500
Facsimile: 619.234.3815
Email: PKlee@sheppardmullin.com
JEdson@sheppardmullin.com

Attorneys for Infinity Select Insurance Company

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| VAHAGN GEVORGYAN,<br><br>Plaintiff,<br><br>v.<br><br>INFINITY SELECT INSURANCE COMPANY, an Indiana corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. BC564168<br><br>The Hon. John L. Segal<br>Dept. 50<br><br>**PROOF OF SERVICE**<br><br>Complaint Filed: November 18, 2014<br>Trial Date: TBD |

I, the undersigned, declare under penalty of perjury that I am, and was at the time of service of the papers herein referred to, over the age of eighteen years and not a party to the action; and I am employed in the County of San Diego, State of California, in which county the within-mentioned service occurred. My business address is 501 West Broadway, 19th Floor, San Diego, California 92101.

On March 3, 2015, I served a copy of the following document(s):

**CASE MANAGEMENT STATEMENT**

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

Mher Asatryan
LAW OFFICES OF MHER ASATRYAN
14545 Victory Blvd., Suite 506
Van Nuys, CA 91411

**Attorney for Plaintiff Vahagn Gevorgyan**

Telephone: (818) 781-0179
Facsimile: (818) 538-5179

E-mail: mher@asatryanlaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Diego, California on March 3, 2015.

Nicole Lautzenheiser

Nicole Lautzenheiser

Mher Asatryan, Esq., SBN: 279125
LAW OFFICES OF MHER ASATRYAN
14545 Victory Blvd., Suite 506
Van Nuys, CA 91411
Tel. (818) 781-0179; Fax (818) 538-5179
Email: mher@asatryanlaw.com

Attorney for Plaintiff, Vahagn Gevorgyan

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – UNLIMITED JURISDICTION

CENTRAL DISTRICT – STANLEY MOSK COURTHOUSE

| | |
|---|---|
| VAHAGN GEVORGYAN,<br><br>Plaintiff,<br><br>vs.<br><br>INFINITY SELECT INSURANCE COMPANY, an Indiana corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: BC 564168<br><br>[Assigned to Hon. John L. Segal, Dept. 50]<br><br>**NOTICE OF POSTING JURY FEES**<br><br>Complaint Filed: November 18, 2014<br>Trial Date: None Yet Set |

TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that plaintiff, Vahagn Gevorgyan, hereby posts jury fees in the amount of $150.00 for trial in the above-captioned matter.

DATED: March 2, 2015 LAW OFFICES OF MHER ASATRYAN

By: ______________________
Mher Asatryan, Esq.,
Attorney for Plaintiff,
Vahagn Gevorgyan



Law Offices of Mher Asatryan
14545 Victory Boulevard, Suite 506
Van Nuys, California 91411

**CERTIFICATE OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, LILIT VASILYAN, declare as follows:

I am over the age of 18 years and am employed in the County of Los Angeles, State of California. I am not a party to this action. My business address is 14545 Victory Blvd., Suite 506, Van Nuys, CA 91411.

On March 2, 2015, I served the foregoing document(s) described as: **NOTICE OF POSTING JURY FEES** in the manner indicated below:

__x__ (By Mail) I placed a true copy thereof in a sealed envelope, and caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Van Nuys, California, addressed as follows:

Peter H. Klee, Esq.
John D. Edson, Esq.
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
501 West Broadway, 19th Floor
San Diego, CA 92101

*Attorney for Defendant, Infinity Select Insurance Company*

_____ (By Personal Service) I placed a true copy thereof in a sealed envelope and caused such envelope to be delivered by hand to the office of the addresses(s).

_____ (By Overnight Mail) I placed a true copy thereof in a sealed envelope, and caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Van Nuys, California.

_____ (By Facsimile)By facsimile to the address(es), at the telephone number(s) listed on the attached service list.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 2, 2015, at Van Nuys, California.

____________________
LILIT VASILYAN

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|
| Mher Asatryan, Esq. (SBN 279125)<br>LAW OFFICES OF MHER ASATRYAN<br>14545 Victory Blvd., Suite 506, Van Nuys, CA 91411<br>TELEPHONE NO.: (818) 781-0179 FAX NO. *(Optional)*: (818) 538-5179<br>E-MAIL ADDRESS *(Optional)*: mher@asatryanlaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff, VAHAGN GEVORGYAN | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES<br>STREET ADDRESS: 111 N. Hill Street<br>MAILING ADDRESS: 111 N. Hill Street<br>CITY AND ZIP CODE: Los Angeles, 90012<br>BRANCH NAME: Central District - Stanley Mosk Courthouse | |
| PLAINTIFF/PETITIONER: VAHAGN GEVORGYAN<br>DEFENDANT/RESPONDENT: INFINITY SELECT INSURANCE COMPANY | |
| **CASE MANAGEMENT STATEMENT**<br>***(Check one):*** ☑ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | CASE NUMBER:<br>BC 564168 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: March 18, 2015 Time: 8:30 a.m. Dept.: 50 Div.: Room:

Address of court *(if different from the address above)*:

☐ **Notice of Intent to Appear by Telephone, by *(name)*:**

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☑ This statement is submitted by party *(name)*: Plaintiff, Vahagn Gevorgyan
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: November 18, 2014
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☑ complaint ☐ cross-complaint *(Describe, including causes of action)*:

      (1) Breach of Contract; (2) Breach of the Implied Covenant of Good Faith and Fair Dealing (Insurance Bad Faith)

| PLAINTIFF/PETITIONER: VAHAGN GEVORGYAN<br>DEFENDANT/RESPONDENT: INFINITY SELECT INSURANCE COMPANY | CASE NUMBER:<br>BC 564168 |
|---|---|

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

See Attachment

[✓] *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request [✓] a jury trial [ ] a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. [ ] The trial has been set for *(date):*

b. [✓] No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
08/05/15 - 08/13/15 (trial); 08/17/15 - 08/27/15 (trial); 10/01/15 - 10/09/15 (trial); 11/23/15 - 12/02/15 (trial)

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. [✓] days *(specify number):* 4-6

b. [ ] hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial [✓] by the attorney or party listed in the caption [ ] by the following:

a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. E-mail address:
f. Fax number:
g. Party represented:

[ ] Additional representation is described in Attachment 8.

9. **Preference**

[ ] This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel [✓] has [ ] has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party [ ] has [ ] has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) [ ] This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) [ ] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| PLAINTIFF/PETITIONER: VAHAGN GEVORGYAN<br>DEFENDANT/RESPONDENT: INFINITY SELECT INSURANCE COMPANY | CASE NUMBER:<br>BC 564168 |
|---|---|

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110

| PLAINTIFF/PETITIONER: VAHAGN GEVORGYAN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: INFINITY SELECT INSURANCE COMPANY | BC 564168 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:
(2) Name of court:
(3) Case number:
(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | June 2015 |
| Plaintiff | Depositions | August 2015 |
| Plaintiff | Expert Discovery | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: VAHAGN GEVORGYAN | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: INFINITY SELECT INSURANCE COMPANY | BC 564168 |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*
The parties discussed the prospects of settlement and agreed that Plaintiff would present a detailed settlement demand after the first set of written discovery, which is currently due by Defendant on March 9, 2015 and which is currently due by Plaintiff on or before March 19, 2015, has been received by both parties.

20. Total number of pages attached *(if any):* 1

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: March 2, 2015

Mher Asatryan, Esq.
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY)

(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

MC-025

| SHORT TITLE: VAHAGN GEVORGYAN v. INFINITY SELECT INSURANCE CO | CASE NUMBER: BC 564168 |
|---|---|

**ATTACHMENT** *(Number):* 4b

*(This Attachment may be used with any Judicial Council form.)*

Defendant Infinity issued an insurance policy providing Plaintiff Gevorgyan with Collision and Other than Collision coverage for Plaintiff's Vehicle. During the policy period, the Vehicle was intentionally vandalized by disgruntled employees of a body shop, for which Plaintiff filed a claim with Defendant under the insurance policy. Plaintiff alleges that Defendant has breached the insurance contract and acted in bad faith by failing to extend coverage for the claim, by unreasonably delaying and denying payment under the policy, by engaging in unlawful insurance practices, by low-balling payments due to Plaintiff under the policy for the claim, by withholding benefits due under the policy, and by intentionally and unreasonably diminishing the value of the claim.

As a result of Defendant's conduct, Plaintiff has been, and continues to be, damaged in the form of economic damages, including loss of benefits owing to Plaintiff under the policy and loss of timely use of said benefits, consequential damages, including interest on monies Plaintiff could and should have received promptly but which he did not receive in a timely manner, loss of use and enjoyment of the insured vehicle, and general damages including emotional distress, mental suffering, and anxiety. Furthermore, as a result of Defendant's conduct, Plaintiff has been obligated to expend and incur liability for costs of suit and attorney's fees.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*



Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

**CERTIFICATE OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, LILIT VASILYAN, declare as follows:

I am over the age of 18 years and am employed in the County of Los Angeles, State of California. I am not a party to this action. My business address is 14545 Victory Blvd., Suite 506, Van Nuys, CA 91411.

On March 2, 2015, I served the foregoing document(s) described as: **CASE MANAGEMENT STATEMENT** on the parties whose addresses appear on the attached service list, by placing or transmitting a copy thereof in the manner indicated below:

__x__ (By Mail) I placed a true copy thereof in a sealed envelope, and caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Van Nuys, California, addressed as follows:

Peter H. Klee, Esq.
John D. Edson, Esq.
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
501 West Broadway, 19th Floor
San Diego, CA 92101

_____ (By Personal Service) I placed a true copy thereof in a sealed envelope and caused such envelope to be delivered by hand to the office of the addresses(s).

_____ (By Overnight Mail) I placed a true copy thereof in a sealed envelope, and caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Van Nuys, California.

_____ (By Facsimile)By facsimile to the address(es), at the telephone number(s) listed on the attached service list.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 2, 2015, at Van Nuys, California.

LILIT VASILYAN

CM-110

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
John D. Edson (State Bar No. 185709)
Sheppard Mullin Richter & Hampton LLP
501 West Broadway, 19th Floor
San Diego, CA 92101
TELEPHONE NO.: (619) 338-6616 FAX NO. *(Optional)*: (619) 515-4136
E-MAIL ADDRESS *(Optional)*: jedson@sheppardmullin.com
ATTORNEY FOR *(Name)*: Infinity Select Insurance Company

*FOR COURT USE ONLY*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

PLAINTIFF/PETITIONER: Vahagn Gevorgyan
DEFENDANT/RESPONDENT: Infinity Select Insurance Company

**CASE MANAGEMENT STATEMENT**

*(Check one)*: ☒ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less)

CASE NUMBER: BC564168

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date: March 18, 2015 Time: 8:30 a.m. Dept.: 50 Div.: Room:
Address of court *(if different from the address above)*:

☒ **Notice of Intent to Appear by Telephone, by *(name)*:** John D. Edson

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☒ This statement is submitted by party *(name)*: Infinity Select Insurance Company
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☒ complaint ☐ cross-complaint *(Describe, including causes of action)*:
   Complaint for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing (Insurance Bad Faith)





American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: Vahagn Gevorgyan<br>DEFENDANT/RESPONDENT: Infinity Select Insurance Company | CASE NUMBER:<br>BC564168 |
|---|---|

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Vahagn Gevorgyan owns a 2003 Ferrari 360. On November 13, 2013, his brother made a claim for allegedly improper repairs performed by a repair shop. To fall within the scope of coverage, Mr. Gevorgyan had the burden of establishing that his car was intentionally vandalized. Yet, even if he had met that burden, an exclusion precludes coverage for damage caused by a repair shop. For these and other reasons, Infinity contends that his loss is not covered.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* The repair shop is not longer in business. Infinity needs to find and depose the former employees. It also wishes to file an MSJ. It requests an March 2016 trial date.

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. ☒ days *(specify number):* 7 court days

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:

a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. E-mail address:
f. Fax number:
g. Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*


American LegalNet, Inc.
www.FormsWorkFlow.com

| PLAINTIFF/PETITIONER: Vahagn Gevorgyan<br>DEFENDANT/RESPONDENT: Infinity Select Insurance Company | CASE NUMBER:<br>BC564168 |
|---|---|

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date)*: (parties will mediate between lawyers without hiring an outside mediator) |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date)* :<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date)*: |



American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: Vahagn Gevorgyan<br>DEFENDANT/RESPONDENT: Infinity Select Insurance Company | CASE NUMBER:<br>BC564168 |
|---|---|

11. **Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

13. **Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
   ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**
   ☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

16. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Infinity Select Insurance Company | Written Discovery | Sep. 2015 |
| Infinity Select Insurance Company | Depositions | Oct. 2015 |
| Infinity Select Insurance Company | Motion for summary judgment hearing | Feb. 2016 |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*
   To address plaintiff's allegation that former employees in his repair shop intentionally damaged his car, Infinity needs to find and depose the former employees of this repair shop. This could take time.



American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: Vahagn Gevorgyan<br>DEFENDANT/RESPONDENT: Infinity Select Insurance Company | CASE NUMBER:<br>BC564168 |
|---|---|

17. **Economic litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**
   a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):* The lawyers for each party have meet and conferred. They agreed to work out any discovery disputes. They have also agreed to mediate after each side exchanges their discovery responses without hiring an outside mediator.

20. Total number of pages attached *(if any):* ________

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: March 3, 2015

John D. Edson
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY)

(TYPE OR PRINT NAME)

▶
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



American LegalNet, Inc.
www.FormsWorkFlow.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
PETER H. KLEE, Cal. Bar No. 111707
JOHN D. EDSON, Cal. Bar No. 185709
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone: 619.338.6500
Facsimile: 619.234.3815
Email: PKlee@sheppardmullin.com
JEdson@sheppardmullin.com

Attorneys for Infinity Select Insurance Company

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| VAHAGN GEVORGYAN,<br><br>Plaintiff,<br><br>v.<br><br>INFINITY SELECT INSURANCE COMPANY, an Indiana corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. BC564168<br><br>The Hon. John L. Segal<br>Dept. 50<br><br>**PROOF OF SERVICE**<br><br>Complaint Filed: November 18, 2014<br>Trial Date: TBD |

I, the undersigned, declare under penalty of perjury that I am, and was at the time of service of the papers herein referred to, over the age of eighteen years and not a party to the action; and I am employed in the County of San Diego, State of California, in which county the within-mentioned service occurred. My business address is 501 West Broadway, 19th Floor, San Diego, California 92101.

On March 3, 2015, I served a copy of the following document(s):

**CASE MANAGEMENT STATEMENT**

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

Mher Asatryan
LAW OFFICES OF MHER ASATRYAN
14545 Victory Blvd., Suite 506
Van Nuys, CA 91411

**Attorney for Plaintiff Vahagn Gevorgyan**

Telephone: (818) 781-0179
Facsimile: (818) 538-5179

E-mail: mher@asatryanlaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Diego, California on March 3, 2015.

Nicole Lautzenheiser