SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
PETER H. KLEE, Cal. Bar No. 111707
JOHN D. EDSON, Cal. Bar No. 185709
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone: 619.338.6500
Facsimile: 619.234.3815
Email: PKlee@sheppardmullin.com
JEdson@sheppardmullin.com

Attorneys for Infinity Select Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAHAGN GEVORGYAN,<br><br>Plaintiff,<br><br>v.<br><br>INFINITY SELECT INSURANCE COMPANY, an Indiana corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:15-cv-03803-KK<br><br>Mag. Judge Kenly K. Kato<br>Courtroom 3/4 3rd Floor<br><br>**INFINITY SELECT INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT**<br><br>Date: September 8, 2016<br>Time: 10:00 a.m.<br>Crtrm: ¾ 3rd Floor<br><br>Complaint Filed: November 18, 2014<br>Trial Date: November 29. 2016 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 8, 2016, at 10:00 a.m., in Courtroom 3/4 of the above-entitled court, located at 3470 Twelfth Street, 3rd Floor, Riverside, California 92501, defendant Infinity Select Insurance Company ("Infinity") will and hereby does move for full summary judgment, or in the alternative, partial summary judgment, regarding the operative Complaint ("Complaint") filed by plaintiff Vahagn Gevorgyan ("plaintiff") on the grounds:

<u>Motion for Complete Summary Judgment Issue No. 1</u>. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Infinity's Nineteenth Affirmative Defense in its Answer, and California Insurance Code Sections 330 and 3301, the Complaint is barred because plaintiff concealed that Tigran Gevorgyan was a driver of the insured vehicle in his application for insurance.

<u>Motion for Complete Summary Judgment Issue No. 2</u>. In the alternative, pursuant to Rule 56 of the Federal Rules of Civil Procedure, Infinity's Fifth Affirmative Defense in its Answer, and the "Insuring Agreement" of the policy, the Complaint is barred because plaintiff cannot meet his burden of establishing that the alleged loss falls within the insuring loss provisions of the policy.

<u>Motion for Complete Summary Judgment Issue No. 3</u>. In the alternative, pursuant to Rule 56 of the Federal Rules of Civil Procedure, Infinity's Sixth Affirmative Defense in its Answer, and the applicable policy endorsement, the Complaint is barred based upon the following policy exclusion:

> The following exclusions are added:
>
> We will not pay for
>
> 1. loss or damage caused by contributed to or resulting from work done in the course of any maintenance, repair, renovation, restoration or similar process.

<u>Alternatively, Motion for Partial Summary Judgment Issue No. 1</u>. In the alternative, pursuant to Rule 56 of the Federal Rules of Civil Procedure, Infinity will and hereby does move for partial summary judgment on plaintiff's claim for breach

of the implied covenant of good faith and fair dealing (the second cause of action) on the ground that there was a genuine dispute over whether coverage exists under the Policy.

Alternatively, Motion for Partial Summary Judgment Issue No. 2. In the alternative, pursuant to Rule 56 of the Federal Rules of Civil Procedure, Infinity will and hereby does move for partial summary judgment on plaintiff's claim for breach of the implied covenant of good faith and fair dealing (the second cause of action) on the ground that there is no evidence of bad faith.

Alternatively, Motion for Partial Summary Judgment Issue No. 3. In the alternative, pursuant to Rule 56 of the Federal Rules of Civil Procedure, Infinity will and hereby does move for partial summary judgment on plaintiff's claim for punitive damages because plaintiff cannot meet his burden of producing evidence that Infinity acted maliciously, fraudulently, or oppressively. Nor can he establish evidence of a managing agent.

Pursuant to **Local Rule 7-3,** the parties met and conferred on July 28, 2016 at 3:00 p.m. regarding this motion. The parties also met and conferred regarding the grounds for Infinity's motion while preparing their "Joint Report of the Parties," filed on January 20, 2016. On July 29, 2016, after explaining again the grounds for Infinity's motion, Infinity agreed to delay filing its motion for a period of five days to allow plaintiff time to consider Infinity's position. The parties were unfortunately unsuccessful in resolving the case. (Edson Dec. ¶ 8.)

This motion is made pursuant to Rule 56 of the Federal Rules of Civil Procedure and is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities in Support of Infinity's Motion for Summary Judgment or Partial Summary Judgment; the accompanying Separate Statement of Uncontroverted Facts; the accompanying Notice of Lodgment of Filing of Exhibits and the exhibits thereto; the accompanying declarations of Lakenya Tenner, Orunda Bryant, Stanley Sartin, Joy Lietch, and John Edson and the exhibits

thereto; the papers and pleadings on file in this action; and such further oral or written argument or evidence as may be presented prior to or at the hearing on this motion.

Dated: August 4, 2016 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By s/ John D. Edson
JOHN D. EDSON

Attorneys for Infinity Select Insurance Company